[S. F. No. 15968. In Bank.—April 22, 1938.]

R. McCOLGAN, Appellant, v. JONES, HUBBARD & DONNELL, INC. (a Corporation) et al., Respondents.

244

George D. Collins, Jr., for Appellant.

Ackerman, Weyland & Mathews and Theodore M. Monell for Respondents.

SEAWELL, J.—This is a motion to dismiss an appeal on the ground that it was taken too late. The appeal is from an order of the court granting defendants' motion for a nonsuit. Said order was entered in the clerk's minutes.

The question involved is whether under section 581, Code of Civil Procedure, an appeal may be taken from an order of nonsuit entered in the clerk's minutes and noted in his register of actions, or whether a judgment of dismissal must thereafter be entered on said order and the appeal taken from said judgment. If the order is appealable, the appeal herein was taken too late, and must be dismissed. If the order was inoperative as a final judgment, then the appeal is premature, since no judgment has been entered on said order. In such event, the appeal should be dismissed as premature, without prejudice to the right of the parties to take further steps in the trial court and to appeal from any judgment thereafter entered.

It would extend this opinion unduly to quote section 581, Code of Civil Procedure, in full. The section commences as follows: ''An action may be dismissed, or a judgment of

nonsuit entered, in the following cases . . . '' The instances referred to by the code, briefly, are: (1) By the plaintiff before trial. (2) By either party upon the written consent of the other. (3) By the court when either party fails to appear at the trial and the other party asks for ''the dismissal''. (4) By the court when the plaintiff abandons the case upon the trial. (5) ''By the court upon motion of the defendant when upon the trial the plaintiff fails to prove a sufficient case.''

After listing the cases in which ''an action may be dismissed, or a judgment of nonsuit entered'', the section concludes as follows:

''The dismissals mentioned in subdivisions one and two hereof, when written consent of the attorney of record of the party requesting the dismissal is filed, must be made by entry in the clerk's register or in the justice's docket, as the case may be, and are effective for all purposes when so entered.

''The dismissals mentioned in subdivisions one and two hereof, when written consent of the attorney of record of such party is not filed, and the dismissals mentioned in subdivisions three, four and five of this section, must be made by order of the court entered upon the minutes thereof, or in the justice's docket, as the case may be, and are effective for all purposes when so entered; but the clerk in superior and municipal courts, must note such orders in his register of actions in the case.''

█ It is to be inferred in the case herein that the motion for nonsuit was granted under subdivision 5, section 581. It is the contention of plaintiff that under section 581 a ''dismissal'' is effective for all purposes when the court's order is entered in the clerk's minutes, but that this provision does not apply to a ''judgment of nonsuit''.

This contention is in conflict with a line of well-considered cases of our appellate courts, including this court. (*Brown* v. *Sterling Furniture Co.*, 175 Cal. 563 [166 Pac. 322]; *Commins* v. *Guaranty Oil Co.*, 29 Cal. App. 139 [154 Pac. 882]; *Henry* v. *Lingsweiler*, 81 Cal. App. 143 [253 Pac. 357]; *Bengel* v. *Traeger*, 100 Cal. App. 526, 527 [280 Pac. 538]; *Lewis* v. *Hammond Lumber Co.*, 114 Cal. App. 390 [300 Pac. 49]; *Finch* v. *Ekstrom*, 115 Cal. App. 381 [1 Pac. (2d) 516]; *Tromanhauser* v. *Grisemer*, 123 Cal. App. 153 [11 Pac. (2d) 32]; 2 Cal. Jur. 402; 9 Cal. Jur. 565.) Appel-

lant's plea is, in effect, that said cases should be repudiated. By virtue of said cases it has become a settled rule of practice that an order granting a motion for nonsuit is effective for all purposes when entered in the clerk's minutes, and an appeal must be taken within sixty days from such entry. The rule is clearly stated in *Tromanhauser* v. *Grisemer, supra,* as follows:

"The entry of the order (granting motion for nonsuit), therefore, is equivalent to a final judgment and it finally disposes of the matter to which it relates. It is not necessary that a formal judgment of dismissal follow the order granting the motion for a nonsuit. The order of nonsuit, when *entered in the minutes* of the court, constitutes the *judgment of nonsuit* and is a *dismissal* of the action, or those causes of action to which it relates, since the statute declares that such an order so entered in the minutes is 'effective for all purposes'." (Italics supplied.)

Said cases properly declare the law. A nonsuit is but a form of dismissal of an action. The only reference to a "nonsuit" is in the opening sentence of the section. The word "dismissal" appears in several places. If the provisions of the concluding portion of the section applied only to dismissals which were not in terms nonsuits, there would be an omission in the section to make any provision whatsoever with regard to nonsuits granted under the section.

■ The section provides for a dismissal *or* judgment of nonsuit in each of the five instances enumerated in the section. The term nonsuit in this state is no doubt now most commonly applied to dismissals under subdivision 5 of the section, when plaintiff fails to prove his case, but its application is not so limited by the section. The definition of the term nonsuit, as given in legal dictionaries by means of reference to cases where the term has been considered, indicates that it is broadly applied to a variety of terminations of an action which do not adjudicate the issues on the merits. (Bouvier's Law Dictionary; Black's Law Dictionary; Words and Phrases.) The effectiveness for all purposes of orders entered in the clerk's minutes under section 581, Code of Civil Procedure, should not depend on whether the dismissal is in terms a "dismissal" or uses nonsuit terminology. In either event there is a dismissal within the meaning of the concluding paragraphs of section 581.

■ That the interpretation declared by the line of cases above cited is in accord with the legislative intent in the enactment of the section is further indicated by the fact that although the legislature has several times amended the section it has never made an amendment with the view of changing the rule frequently announced by the appellate decisions of this state. The legislature is presumed to know the decisions of appellate courts and to have them in mind when adopting amendments to statutes which the courts have construed. (*Hoffman* v. *McNamara*, 102 Cal. App. 280, 285 [282 Pac. 990]; *Wiggins* v. *Pacific Indemnity Co.*, 134 Cal. App. 328, 334 [25 Pac. (2d) 898]; *Robertson* v. *Langford*, 95 Cal. App. 414, 424 [273 Pac. 150]; 23 Cal. Jur. 783.)

■ It is true that where the court's oral pronouncement, entered in the clerk's minutes, is not intended as the rendition of the order or judgment of nonsuit, but as a memorandum of an order of judgment thereafter to be rendered, the time for appeal does not commence to run until such order or judgment is entered. (*Scrimsher* v. *Reliance Rock Co.*, 1 Cal. App. (2d) 382 [36 Pac. (2d) 688].) But this is not the situation in the instant case. Here the order was that the "motion for nonsuit be and the same is hereby granted". In *Lewis* v. *Hammond Lumber Co.*, 114 Cal. App. 390 [300 Pac. 49], the order was as follows: "Defendant's motion for a nonsuit is by the court granted." It was held that this order was final and that the time for appeal commenced to run from its entry in the clerk's minutes, notwithstanding a more formal judgment, signed by the judge, was entered thereafter. (See, also, the orders in *Bengel* v. *Traeger, supra; Brown* v. *Sterling Furniture Co., supra; Finch* v. *Ekstrom, supra.*)

In *Ferris* v. *Baker,* 127 Cal. 520 [59 Pac. 937], the following entry was held to be a memorandum of an order or judgment thereafter to be rendered: "Defendants move the court for nonsuit on the grounds stated. Said motion is argued and thereupon granted." A formal judgment was thereafter entered. There may be reasons of fact appearing in the record of said case and not fully stated in the opinion which justified the interpretation of the first entry as a memorandum merely. In so far as said decision and *Stebbins* v. *Larson,* 4 Cal. App. 482 [88 Pac. 505], are in conflict with the rule

definitely announced in the later cases herein cited they must be regarded as overruled by them.

The meaning and effect of the language used in the instant case cannot be distinguished from the language used in *Lewis* v. *Hammond Lumber Co., supra,* and other cases herein cited. There is not to be found a fact or a word of intimation from which the inference may be drawn that the order was a memorandum merely or that the court in disposing of the matter intended to make any other or further order as a final determination of the action.

The appeal must be and therefore is dismissed.

Shenk, J., Edmonds, J., Langdon, J., Waste, C. J., and Curtis, J., concurred.

Rehearing denied.