[L. A. No. 27057.   In Bank.   Jan. 31, 1963.]

MARVEL I. SHEPARDSON, Individually and as Administratrix, etc., et al., Plaintiff and Appellant, v. MILFORD GEORGE McLELLAN et al., Defendants and Respondents.

*Retired Justice of the Supreme Court sitting pro tempore under assignment by the Chairman of the Judicial Council.

C. Paul DuBois for Plaintiff and Appellant.

King & Mussell and Stanley Mussell, Jr., for Defendants and Respondents.

PETERS, J.—On September 20, 1959, on a main highway about 30 miles west of Blythe, California, a collision occurred between the pickup truck operated by Norman H. Shepardson, and the pickup truck then being operated by Milford George McLellan. Shepardson was killed in the collision. Mrs. Shepardson, for herself, as administratrix of the estate of her husband, and as guardian *ad litem* of the couple's four minor children, then brought this action for the wrongful death of Shepardson against Milford George McLellan and his wife. The basic charge in this complaint was that McLellan was negligent in driving his car on the wrong side of the highway thus causing it to collide with the truck being driven by Shepardson, and that Shepardson was killed as a proximate result of this negligence. Proper elements of compensatory damage were pleaded. Later, plaintiff, in her various capacities, was permitted to add a new cause of action by way of supplemental or amended complaint in which she charged that McLellan at the time and place of the accident, "did wilfully and with wanton and reckless disregard for the safety" of Shepardson, and "after discovering the presence of" Shepardson, drive his truck on the wrong side of the road without regard to Shepardson's truck, "without attempting in any way to avert injury" to Shepardson, and to cause his truck to collide with that of Shepardson, resulting in the latter's death. The prayers for damages in the original and supplemental complaints were identical. In other words, only compensatory damages were pleaded. Defendants' answer denied the material allegations of the complaint and the supplemental complaint, and affirmatively pleaded contributory negligence.

The pretrial order determined the issues to be (1) whether McLellan was negligent; (2) whether Shepardson was guilty of contributory negligence; (3) the nature, extent and proximate cause of Shepardson's injuries; (4) whether the negligence, if any, of McLellan should be imputed to his wife; (5) whether an agency relationship existed between the McLellans; and (6) whether McLellan was guilty of gross negligence, willful or wanton misconduct.

The case was tried before a jury, resulting in a plaintiff's verdict totaling $93,683. The plaintiff appeals.

The appeal comes to us on a settled statement. That statement recites that during the trial Mrs. McLellan moved for a nonsuit, and that such motion was granted. It is averred that the appeal is "from the nonsuit and judgment entered

thereon in favor'' of Mrs. McLellan. The notice of appeal recites that the appeal is not only from the nonsuit alleged to have been entered on December 15, 1960, but also from that part of the judgment entered on December 19, 1960, and ''more particularly from those parts which were interlocutory orders and (i) which sustained the defendant's Demurrer to'' the supplemental complaint, and from the ''withdrawal from the jury of determination of the issue of wilful misconduct and gross negligence, and being a minute order of December 19, 1960, and upon the judgment entered upon said minute orders.''

From the clerk's transcript and from the settled statement it appears that the facts are as follows: Plaintiff brought an action against defendants alleging two causes of action, one for negligence and one for willful misconduct. On December 14, 1960, after plaintiff had rested, defendants moved for a nonsuit as to Mrs. McLellan, and also moved for a nonsuit on the cause of action charging willful misconduct. The clerk's transcript recites that on December 15, 1960, an order was entered granting the nonsuit as to Mrs. McLellan, and denying it as to the willful misconduct cause of action. Then, after both sides had rested, defendants moved for a directed verdict on the willful misconduct cause of action. Thereafter, and on December 19th, counsel for defendants, in chambers, requested leave to file a demurrer to the willful misconduct cause of action, or for summary judgment, or for judgment on the pleading in that cause of action. The demurrer was ordered filed and then sustained without leave to amend.

Thus, when the case was presented to the jury, by the instructions, and over the protests of plaintiff, the jury was limited to the negligence cause of action. A nonsuit had been granted Mrs. McLellan and a demurrer to the willful misconduct cause of action had been sustained without leave to amend. Plaintiff got a verdict on her negligence count, received partial satisfaction of $10,000, and without challenging the money portion of the judgment, seeks to appeal from the nonsuit, and from the trial court's order removing from the case the count charging willful misconduct.

The order granting the nonsuit to Mrs. McLellan was clearly appealable. Inasmuch as that order terminated the action as to one party, and there being no indication in the order that it was to be followed by a formal written judgment, it was an appealable order (*McColgan* v. *Jones, Hubbard etc. Inc.,* 11 Cal.2d 243 [78 P.2d 1010]).

■ On the merits of this appeal, the nonsuit was properly granted. Appellant urges liability on the part of Mrs. McLellan on the theory that the car was community property; that she was therefore a part owner, or, that in any event, her husband was her agent in driving the truck. The evidence, on this issue, summarized in the settled statement, shows that the McLellans were married in 1953; that thereafter Mr. McLellan was employed and that his wife was not; that the truck was purchased in April of 1959 with community funds and registered in the husband's name; that on September 20, 1959, Mr. McLellan was on strike against his then employer; that in search of temporary employment he and three other men loaded the truck and another car with equipment and started out for Blythe; that Mrs. McLellan did not accompany them; that the husband wanted employment to earn funds to support himself and his wife; that before leaving on the trip he told his wife that he was taking the truck. These facts do not support the contention that Mrs. McLellan was a part owner of the car so as to impose liability upon her, or that her husband was her agent in driving the car. This precise point was decided adversely to appellant's contentions in *Cox* v. *Kaufman,* 77 Cal.App.2d 449 [175 P.2d 260]. ■ There it was held that, because the husband has control and management of the community property, no consent of the wife, express or implied, to his use of the community vehicle registered in his name, can add anything to his existing right to use the vehicle; that a wife cannot be held liable under section 402 (now § 17151) of the Vehicle Code for injuries to a third person resulting from the husband's negligence in the operation of the vehicle; and that such facts do not support a theory of agency. That case is controlling. (A different rule might apply if the car had been registered in the name of the wife. *Dorsey* v. *Barba,* 38 Cal.2d 350, 354 [240 P.2d 604].)

■ The purported appeal from the order sustaining the demurrer presents a different problem. Such an order is, of course, not separately appealable, but is reviewable on appeal from the final judgment (see cases collected 3 Cal. Jur.2d, Appeal and Error, § 48, p. 475). But so far as Mr. McLellan is concerned, no final judgment has been entered. No mention is made in the judgment entered on the jury verdict of the order sustaining the demurrer. Thus it was incomplete. Had it contained a judgment of dismissal in reference to the order sustaining the demurrer then it would

have been reviewable on an appeal from that judgment. It is true that appellant does not appeal from the judgment entered on the jury verdict, but it is well settled that in a proper case a party may appeal from a part of a judgment that is severable (see cases collected 3 Cal.Jur.2d, Appeal and Error, § 46, p. 473).

The fact that no judgment of dismissal was entered on the order sustaining the demurrer does not present an insurmountable obstacle to the appeal. The legal situation is similar to that presented in *Gombos* v. *Ashe,* 158 Cal.App.2d 517 [322 P.2d 933]. There a husband and wife brought an action against the defendant for damages growing out of an automobile accident. The first two causes of action were for compensatory damages based on charges of negligence against defendant. A third cause of action was for punitive damages based on allegations that defendant was intoxicated. The trial court sustained a demurrer to the third cause of action, and a judgment of dismissal was entered by the clerk. An appeal was taken. Thereafter, the case proceeded to trial on the first two causes of action, resulting in a substantial verdict for plaintiffs. Those judgments were satisfied.

On the appeal from the dismissal based on the sustaining of the demurrer the defendant moved to dismiss on the ground that that judgment of dismissal was not a final judgment. The court properly held that it was not a final judgment, and that the appeal therefrom was premature. The judgment on the first two causes of action was also not final because it did not dispose of the third cause of action. Thus, there never had been entered a final judgment. But the plaintiffs were entitled to a determination of the merits of their third cause of action. Rather than dismiss the appeal then before the court, and require an amendment to the interlocutory judgment on the first two causes of action by including a disposition of the third, and then permitting a later partial appeal from a portion of that judgment, a procedure the court found would have been "unnecessarily dilatory and circuitous" (158 Cal.App.2d at p. 524) the court handled the matter in a much more business-like fashion. In "the interests of justice and to prevent unnecessary delay" (p. 524) it ordered, of its own motion, that the interlocutory judgment entered on the jury verdicts should be amended by adding a paragraph dismissing the third cause of action, and that the premature notice of appeal be treated as a notice of appeal from a portion of that judgment.

The same procedure should be followed in this case. Appellant is entitled to have an appellate court pass on the propriety of the trial court's order sustaining the demurrer to the cause of action based on willful misconduct. She has become involved in a procedural morass partly through her own fault, and partly because of the fault of the trial court. But this morass is not impassable. It is true that this court could dismiss the pending appeal, order the judgment on the verdicts, which is interlocutory, amended to include a dismissal of the willful misconduct cause of action, and then permit a subsequent appeal from a portion of that judgment. That would involve unnecessary delay and circuity. The case has been thoroughly briefed. Under the rule announced in *Gombos* v. *Ashe, supra,* 158 Cal.App.2d 517 (that case has been followed in other cases; see *Tsarnas* v. *Bailey,* 179 Cal.App.2d 332, 337 [3 Cal.Rptr. 629] ; *Behr* v. *County of Santa Cruz,* 172 Cal.App.2d 697, 702 [342 P.2d 987] ; *Levizon* v. *Harrison,* 198 Cal.App.2d 274, 284 [18 Cal.Rptr. 284] ; see also 3 Witkin, Cal. Procedure (1954) Appeal [1961 Supp. § 14A, p. 112] ) the judgment entered on the jury verdicts should be ordered amended to include a dismissal of the cause of action based on the order sustaining the demurrer to the willful misconduct cause of action, and the notice of appeal treated as a premature filing from a portion of that judgment.

Of course, this should only be done if the willful misconduct cause of action is severable from the negligence cause of action. Under ordinary circumstances the two are severable (*Levizon* v. *Harrison, supra,* 198 Cal.App.2d 274, 279) and certainly would have been severable had punitive damages been included in the prayer (*Gombos* v. *Ashe, supra,* 158 Cal.App.2d 517, 524). Under the tests laid down in *American Enterprise, Inc.* v. *Van Winkle,* 39 Cal.2d 210 [246 P.2d 935], it would appear that normally these two causes of action, involving different principles of liability, and different defenses, are severable.

The real question presented here is whether or not the failure to seek punitive damages makes the two causes of action nonseverable. It will be remembered that in the present case plaintiff's prayer for damages in the negligence cause of action is precisely the same as the prayer for damages in the willful misconduct cause of action. The plaintiff has a judgment, partially satisfied, and from which she does not

appeal, on the negligence cause of action. She cannot recover one cent more damages on the willful misconduct cause of action than she has already recovered on the negligence cause of action. Does this fact make the two causes of action inseverable? We think not. Plaintiff has other important legal interests involved besides the issue of the amount of damages to which she is entitled. She has a judgment for some $93,600. Ten thousand has been paid on that judgment. The balance of the judgment can be wiped out by the bankruptcy of the defendant. This possibility of losing the benefits of the judgment based on the negligence cause of action existed at all times after the complaint was filed. But a cause of action based on willful misconduct would not be wiped out by voluntary bankruptcy. (*Fitzgerald* v. *Herzer,* 78 Cal.App.2d 127, 131 [177 P.2d 364] ; see also *Bohn* v. *Watson,* 130 Cal.App.2d 24, 35 [278 P.2d 454].) Thus plaintiff had, at the time of trial, and now has, a most important interest in having it determined whether or not this cause of action can be wiped out if the defendant attempts voluntary bankruptcy. The right to such a determination is distinct and severable from the rights involved in the negligence cause of action. Therefore an appeal from that portion of the judgment alone is permissible.

■ No serious contention is made that the complaint as amended does not properly allege a cause of action for willful misconduct. It alleges that McLellan drove his car across a double white line onto the wrong side of the road; that he continued on the wrong side of the road after discovering the presence of Shepardson on that side; that he made no attempt to avoid the accident. This sufficiently pleaded willful misconduct so as to permit that issue to go to the jury (*Levizon* v. *Harrison, supra,* 198 Cal.App.2d 274, and cases cited).

It is therefore ordered:

1. That the order granting the nonsuit is affirmed;

2. That the judgment dated December 19, 1960, is amended by adding a paragraph dismissing the cause of action based on willful misconduct;

3. That, in the interests of justice, and acting under the discretion granted by rule 2(c) of the California Rules of Court* the notice of appeal dated January 19, 1961, is declared to be a premature notice of appeal from that portion of the judgment as amended;

---

*Formerly Rules on Appeal, rule 2(c).

4. That the portion of the amended judgment dismissing the willful misconduct cause of action is reversed; and

5. That because each side has won and lost one major point on these appeals, each side shall bear its own costs on appeal.

Gibson, C. J., Traynor, J., Schauer, J., McComb, J., Tobriner, J., and Peek, J., concurred.