Plaintiff brought this action to recover damages for injuries he sustained when he was struck by a truck owned by defendant Air Cargo Terminals, Inc., and operated by its agent defendant Benny Canales. At the time of the injury plaintiff was at a loading dock on the premises of Harris Company in San Bernardino to take delivery of a purchase which he had made. Plaintiff sued the truck owner, the driver, Harris Company and one of its employees. During the trial a settlement was reached between the plaintiff and Harris Company and its employee. The trial proceeded to conclusion as to defendants Air Cargo Terminals, Inc., and Canales and the jury returned a verdict for defendants. Plaintiff now appeals from the judgment on the verdict.
Plaintiff had alleged two causes of action against these defendants, one for negligence and one for wanton misconduct. Following appellant's opening statement, the court granted a motion for a nonsuit as to the wanton misconduct cause of action and the trial proceeded on the negligence cause of action.
The sole issue which plaintiff seeks to raise on this appeal is the propriety of the order granting the nonsuit. In order to reach that issue, however, certain procedural obstacles must be overcome. The judgment on the jury verdict from which plaintiff appeals only disposed of the negligence cause of action. So far as the record is concerned, there has been no appealable judgment or order dismissing the cause of action for wanton misconduct. Although prior to its amendment in 1963, section 581d of the Code of Civil Procedure permitted dismissals on nonsuits to be reflected by a minute order, the section now requires "a written order signed by the court." [1] The record contains a minute order granting the motion for a nonsuit but no signed order of dismissal. Prior to the 1963 amendment to section 581d, such a minute order was held to be an appealable order. (McColgan v.Jones, Hubbard Donnell, Inc., 11 Cal.2d 243 [78 P.2d 1010];Shepardson v. McLellan, 59 Cal.2d 83, 86 [27 Cal.Rptr. 884,378 P.2d 108].) In view of the present requirement of a written order signed by the court, such a minute order is no longer appealable. (Milton Meyer Co. v. Curro, 239 Cal.App.2d 480
[48 Cal.Rptr. 812].)
[2] Since respondent has not raised the foregoing issue and both parties have submitted briefs on the assumption that the propriety of the order granting the nonsuit is properly before us, this court may, in the interest of justice, order the judgment entered on the jury verdict to be amended by *Page 193 
adding a paragraph dismissing the cause of action for wanton misconduct and treat the notice of appeal as a premature notice of appeal from that portion of the judgment dismissing the wanton misconduct cause of action. This practice has heretofore been followed and approved in like situations. (Shepardson v.McLellan, supra, 59 Cal.2d 83, 87-89; Gombos v. Ashe,158 Cal.App.2d 517 [322 P.2d 933]; Levizon v. Harrison, 198 Cal.App.2d 274, 284 [18 Cal.Rptr. 284]; Behr v. County of SantaCruz, 172 Cal.App.2d 697, 702 [342 P.2d 987]; Tsarnas v.Bailey, 179 Cal.App.2d 332, 337 [3 Cal.Rptr. 629].)
Turning to the merits of the order granting the nonsuit, in his opening statement to the jury plaintiff stated that he would prove the following:
On December 18, 1964, plaintiff went to the Harris Company in San Bernardino and purchased a set of dishes. The sales clerk directed him to the "will-call department" at the back of the store where he could take delivery. The receiving and will-call departments of the store were located at the rear of the main building where there was a loading dock running in an easterly and westerly direction with the will-call department at the easterly end. A stairway led from the ground to the will-call department. Plaintiff drove his car to the back of the store but found that his way to the dock area was blocked by defendant's truck. After waiting a few minutes plaintiff stepped out of his car and going to the driver's side of the truck inquired of him the reason for the delay. The driver said he was waiting for something. Plaintiff returned to his car and a few minutes later the truck pulled ahead. Plaintiff thereupon drove in and backed his vehicle toward the dock in a position which he thought would be convenient to load his purchase. The will-call department was easterly of the stall in which plaintiff parked. Plaintiff got out of his car, saw a store employee standing on the dock, gave him his name and asked for delivery of his dishes. The employee located the package and was pushing it toward plaintiff across the dock while plaintiff was standing below with his back to the open area when defendant Canales, in backing his truck into the dock, struck plaintiff. When the employee of Harris Company yelled, Canales stopped and pulled away.
Defendant Canales, after pulling ahead of plaintiff at the entrance to the dock area, had headed his truck in an easterly direction, stopped, and backed up to the dock, intending to use the space which plaintiff had taken. Since the truck was *Page 194 
boarded up in the rear, Canales was unable to use the rear view mirror inside the cab. In backing his truck, therefore, he relied upon the side mirrors, one being mounted on each side of the cab. The side mirrors, however, did not permit a view of the area immediately behind the truck for some distance. Canales saw plaintiff's car in the space which he intended to occupy, so he maneuvered his truck into the adjoining stall immediately to the east. He did not see the plaintiff. Canales knew that customers of the store used an area southerly of the dock for parking and that they used the open area to go to and from the parking area to the rear entrance of the store. He had delivered merchandise to the store many times in the past but this was the first time he had backed into an area in the vicinity of the will-call department.
Upon conclusion of plaintiff's opening statement the court, on defendant's motion, granted a nonsuit on the wanton misconduct cause of action. Subsequently, still before any witnesses were sworn, plaintiff requested a reconsideration of the ruling and further discussions were held in chambers. The court first indicated that it would vacate its prior order and reserve ruling on the motion until all of the evidence had been presented. After further consideration during which the opening statement was reread and plaintiff was given an opportunity to supplement the statement, the court adhered to its original position and denied the motion to vacate the prior order.
[3] A nonsuit may be granted on plaintiff's opening statement when it clearly appears from all the facts stated and all favorable inferences that may be reasonably deduced therefrom that a cause of action does not exist. Clark v. Clark,195 Cal.App.2d 373, 376 [15 Cal.Rptr. 863]; Paul v. Layne Bowler Corp., 9 Cal.2d 561, 564 [71 P.2d 817].) The granting of such a motion, however, is regarded as a "dangerous practice" akin to sustaining a demurrer without leave to amend. (Weyburn
v. California Kamloops, Inc., 200 Cal.App.2d 239, 241 [19 Cal.Rptr. 357]; Bias v. Reed, 169 Cal. 33, 37 [145 P. 516];Greenwood v. Mooradian, 137 Cal.App.2d 532 [290 P.2d 955].)[4] A nonsuit may be granted on opening statement only "where it is clear that counsel has undertaken to state all of thefacts which he expects to prove and it is plainly evident that the facts thus to be proved will not constitute a cause of action." (Weyburn v. California Kamloops, Inc., supra; Bias
v. Reed, supra; Greenwood v. Mooradian, supra; Wright v.Arcade School Dist., 230 Cal.App.2d 272, 275 [40 Cal.Rptr. 812] .) [5] It may be granted where plaintiff has been *Page 195 
afforded full opportunity to present all of the facts and such presentation shows the inadequacy of the case as a matter of law. (Nault v. Smith, 194 Cal.App.2d 257, 261 [14 Cal.Rptr. 889] ; Stephan v. Proctor, 235 Cal.App.2d 228, 231 [45 Cal.Rptr. 124]; see Nuffer v. Insurance Co. of North America,236 Cal.App.2d 349, 361-362 [45 Cal.Rptr. 918].) In the instant case the court, after hearing the opening statement, permitted plaintiff's counsel, in chambers, to state any additional fact which he might be able to prove. The court thereupon determined that the facts contained in the opening statement as supplemented were insufficient to warrant submitting the issue to the jury.
[6] The question here is whether the conduct of defendant Canales, if it were exactly as plaintiff's counsel stated he was prepared to prove and giving plaintiff the benefit of all the legitimate inferences which may be deduced from the facts stated, would be sufficient to sustain a jury verdict for plaintiff on the wanton misconduct cause of action.
[7] Wanton misconduct is a tort separate and distinct from negligence and involves different principles of liability and different defenses. (Shepardson v. McLellan, supra, 59 Cal.2d 83, 89.) As stated in Donnelly v. Southern Pac. Co.,18 Cal.2d 863 at 869 [118 P.2d 465]: [8] "A tort having some of the characteristics of both negligence and willfulness occurs when a person with no intent to cause harm intentionally performs an act so unreasonable and dangerous that he knows, or should know, it is highly probable that harm will result. [Citations.] Such a tort has been labeled `willful negligence,' `wanton and willful misconduct,' and even `gross negligence.' It is most accurately designated as wanton and reckless misconduct." [9]
Willful misconduct involves "deliberate and intentional or wanton conduct in doing or omitting to perform acts, with knowledge or appreciation of the fact, on the part of the culpable person, that danger is likely to result therefrom." (Emery v. Emery,45 Cal.2d 421, 426 [289 P.2d 218]; Meyer v. Blackman,59 Cal.2d 668, 677 [31 Cal.Rptr. 36, 381 P.2d 916].) "Willful misconduct means intentional, wrongful conduct, done either with knowledge that serious injury [to the plaintiff] . . . probably will result or with a wanton and reckless disregard of the possible results." (Goncalves v. Los Banos Mining Co.,58 Cal.2d 916, 918 [26 Cal.Rptr. 769, 376 P.2d 833]; Meyer v.Blackman, supra; Reuther v. Viall, 62 Cal.2d 470, 475 [42 Cal.Rptr. 456, 398 P.2d 792].) [10] While willfulness or intent is an element, it *Page 196 
need not be proved subjectively. The law imposes an objective standard under which in certain cases it is presumed from his conduct that the actor's intentions were willful or wanton. (Chappell v. Palmer, 236 Cal.App.2d 34 [45 Cal.Rptr. 686];Pelletti v. Membrila, 234 Cal.App.2d 606 [44 Cal.Rptr. 588] .) [11] As expressed by Professor Prosser, "a finding of willful misconduct will be sustained in any case where it is clear from the facts that the defendant, whatever his state of mind, has proceeded in disregard of a high degree of danger, either known to him or apparent to a reasonable man in his position." (Prosser, Torts (3d ed.) § 34, p. 189.)
[12] We have carefully considered plaintiff's opening statement and all favorable inferences which might be drawn from the facts stated. It is our conclusion that it would not sustain a cause of action for wanton misconduct. The circumstances described in the opening statement were not such as "would bring home to the realization of the ordinary, reasonable man the highly dangerous character of his conduct." (See Rest., Torts, § 500, com. c; Chappell v. Palmer, supra, 236 Cal.App.2d 34, 37.) The conduct of defendant Canales in backing his truck into a loading dock using the side mirrors on the truck in the manner described cannot be deemed to be "wanton and reckless" conduct. It is not suggested or inferred that he failed to look behind at all or that he backed up suddenly or with excessive speed. It is not suggested either that customers of the store usually stood below the dock in the area where plaintiff was standing to await delivery of merchandise or that, if such was the practice, that defendant Canales knew or should have known it. In our opinion the facts offered to be proved were "palpably insufficient" to constitute wanton misconduct. The motion for nonsuit was properly granted. (See O'Keefe v. South End Rowing Club, 64 Cal.App.2d 729
[51 Cal.Rptr. 534, 414 P.2d 830].)
It is therefore ordered:
1. That the judgment dated April 16, 1964, is amended by adding a paragraph dismissing the cause of action against the defendants based on wanton misconduct.
2. That the notice of appeal dated June 12, 1964, is declared to be a premature notice of appeal from that portion of the judgment as amended.
3. That the judgment, including that portion of the amended judgment dismissing the wanton misconduct cause of action, is affirmed.
McCabe, P.J., and Kerrigan, J., concurred. *Page 197