[Civ. No. 30532. Second Dist., Div. Four. Aug. 31, 1967.]

JOHN T. MASON, Plaintiff and Appellant, v. WOODLAND SAVINGS AND LOAN ASSOCIATION, Defendant and Respondent.

Rich & Ezer and Mitchel J. Ezer for Plaintiff and Appellant.

Fine and Pope and Alex Steinberg for Defendant and Respondent.

BISHOP, J. pro tem.*—Defendant's demurrer to the complaint was sustained without leave to amend; the plaintiff filed a notice of appeal; the trial court ordered the action dismissed; we find that the demurrer was properly sustained and are affirming the judgment.

Some time ago the plaintiff commenced action, numbered 866583, against the defendant on the same oral contract that he made the basis of this action. A general demurrer to it was sustained and an amended complaint was filed. An answer was filed to this last mentioned pleading, then the defendant made a motion for a judgment on the pleadings. The trial court interpreted the motion as a belated demurrer to the amended complaint, and made an order sustaining that demurrer. Fearing that the procedure followed would lead to difficulties, plaintiff dismissed his action, without prejudice, and then filed a new action, numbered 873782, based upon the same oral contract that he had used as a base for his former complaints.

A general demurrer was filed to this complaint in the new action. The trial court, January 24, 1966, ordered the new action consolidated with the action already dismissed and sustained the demurrer to the new complaint, without leave to amend, these appearing as the grounds: "No cause of action is stated. a. Plaintiff alleges an agreement to enter into a contract. 209 C.A.2d 401 b. The creation of security interests in real propery must be in writing. CC 2922 CCP 1971."

Four days later the plaintiff filed his notice of appeal "from the Order of Court made on January 24, 1966, sustain-

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

ing without leave to amend the demurrer of defendant Woodland Savings and Loan Association to plaintiff's complaint in Case No. 873702. The said action is a continuance of Case No. 866583, and by Order of Court dated January 24, 1966, the file in said Case No. 866583 has been consolidated with the file in Case No. 873702."

On February 3, 1966, an order signed by the trial judge was filed. After reciting that the demurrer to the complaint had been sustained without leave to amend, it "ORDERED, ADJUDGED AND DECREED that this action be consolidated with case number 866583 between the same parties, and that this action be, and the same hereby is, dismissed as to defendant WOODLAND SAVINGS AND LOAN ASSOCIATION. . . ."

In the premises we are interpreting the notice of appeal as an appeal from the judgment (order) of dismissal. This we may do. The document to which we refer was originally labelled "Judgment of Dismissal" but for some reason the word "Judgment" was stricken and the word "order" substituted. We attach no significance to this, because section 581d, of the Code of Civil Procedure provides that "All dismissals ordered by the court shall be in the form of a written order signed by the court and filed in the action . . . and such orders when so filed shall constitute judgments and be effective for all purposes. . . ." We interpret this to mean that further action is not required to constitute the entry of the order, but that when so "filed" it comes within the purview of subdivision (c) of rule 2 of Rules on Appeal,[1] and the cases holding that notices of appeal from orders sustaining demurrers without leave to amend apply here to judgments or orders of dismissal subsequently filed. (See *Loop* v. *State* (1966) 240 Cal.App.2d 591, 592 [49 Cal.Rptr. 909] and cases cited; see also *Shepardson* v. *McLellan* (1963) 59 Cal.2d 83, 87 [27 Cal.Rptr. 884, 888, 378 P.2d 108].)

We are now ready to look at the contents of the complaint, to see whether it states a cause of action. We learn from it that plaintiff owns three parcels of real estate, collectively known by one street number, and individually referred to by the ingenious device of calling them parcels 1, 2 and 3. Plaintiff has in mind the construction of three residences, one on each parcel and the defendant is to loan the plaintiff the

---

[1] "A notice of appeal filed prior to rendition of the judgment, but after the judge has announced his intended ruling, may, in the discretion of the reviewing court for good cause, be treated as filed immediately after the entry of judgment."

money required to enable the plaintiff to pay off some encumbrances already existing against the property and to build the residences.

 Extensive negotiations went on between the parties from January to May 1965 and they arrived at some agreements. The amount the defendant was to loan was $150,000, to be in the form of three loans of $50,000 each. The rate of interest was determined and the times of payment of the principal and interest. Each $50,000 was to be used first "to complete off-site improvements on Parcels 1, 2 and 3, and thereafter to construct a residential dwelling on each parcel." The threat of inflation always being present, they also agreed "to arrange for additional financing in the sum of not less than $9,000 so that there would be sufficient funds to complete construction of the dwellings."

About May Day 1965, the parties entered into three escrows to carry out their agreement; but before July was over the defendant refused to loan plaintiff any money or to bring the escrows to a close. This has damaged plaintiff more than $30,-000, and he brought suit for it.

We cannot help wondering if between opening of the escrows May 1, and their unofficial closing, but effectual ending, when the defendant advised that there would be no funds deposited in them, the defendant learned some facts that had not been discussed in the "extensive negotiations" and which spoiled the agreement that had been agreed upon. As an example, we present the purely hypothetical question: "What kind of residential dwellings were to be built? One bedroom, one-bath affairs? Of ultra-modern design, that, in defendant's opinion, would have no security value?" There was nothing in the oral agreement that gave an answer to this question, and it is vital to the scheme and an essential detail of the contract. Oral or written, the agreement between the parties is not complete so long as this "detail," at the heart of their enterprise, is left unsettled. The citation given as a ground for the ruling on the demurrer (209 Cal.App.2d 401), contains this passage: "While preliminary negotiations ordinarily result in a binding contract when all of the terms are definitely understood . . . , where any of the essential terms are left for future determination and it is understood that the agreement is not deemed complete until they are settled . . . no binding contract results until this is done." (*Louis Lesser Enterprises, Ltd. v. Roeder* (1962) 209 Cal.App.2d 401, 404-405 [25 Cal.Rptr. 917, 919].)

. It is possible that the parties had not stopped to realize, when they entered escrow, that an essential term of their agreement was entirely lacking, but had they taken a moment to analyze the situation they would have been bound to admit that at an essential point their minds had not yet met. ██ We would amend a part of the statement of principle governing the situation, expressed in the passage just quoted, to read: ''Where any of the essential terms are left for future determination and it is understood, or must be acknowledged, that the agreement is not to be deemed complete until they are settled . . . no binding contract results until this is done.'' ██ We repeat, each of the three complaints was deficient in not alleging that the parties had come to terms respecting the character of the three residences their $150,000 was to produce. Plaintiff's three attempts to state a cause of action for the breach of the incomplete oral contract were ineffective. The demurrer to the third attempt was properly sustained without leave to amend, and the judgment of dismissal is affirmed.

Judgment (order) affirmed.

Jefferson, Acting P. J., and Kingsley, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 25, 1967.