Filed 8/1/24  Zazueta-Lara v. County of Sonoma CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| EVA ZAZUETA-LARA, | |
|     Plaintiff and Appellant, | A167741 |
| v. | |
| COUNTY OF SONOMA, et al., | (Sonoma County Super. Ct. No. SCV-269853) |
|     Defendants and Respondents. | |
| GABRIEL RENE FELIX, | |
|     Plaintiff and Appellant, | A168106 |
| v. | |
| COUNTY OF SONOMA, et al., | (Sonoma County Super. Ct. No. SCV-269719) |
|     Defendants and Respondents. | |
| JEANNE MARIE BESANCENEY, | |
|     Plaintiff and Appellant, | A168107 |
| v. | |
| COUNTY OF SONOMA, et al., | (Sonoma County Super. Ct. No. SCV-269854) |
|     Defendants and Respondents. | |

Plaintiffs Eva Zazueta-Lara, Gabriel Rene Felix, and Jeanne Marie Besanceney appeal from judgments following orders sustaining without leave to amend the County of Sonoma's demurrers to their complaints.  On appeal, they contend the trial court erroneously found their claims barred by a six-

month deadline in the Government Claims Act (Gov. Code, § 810 et seq.).  We affirm the judgments.

## BACKGROUND

Plaintiffs are former employees of the County of Sonoma (County).  In 2021, the Board of Supervisors released a policy requiring all County employees to either provide proof of COVID-19 vaccination or undergo weekly COVID-19 testing.  Plaintiffs refused to do so and were subsequently fired for failure to comply with the "COVID-19 medical information policy."

In December 2021, plaintiffs Besanceney and Zazueta-Lara filed separate complaints alleging, in relevant part, violations of the Confidentiality of Medical Information Act (Civ. Code, § 56 et seq.; CMIA).  Neither complaint alleged compliance with the Government Claims Act.  Plaintiff Felix failed to submit his initial complaint as part of the appellate record.  However, from the available record and the parties' briefing it appears he likely filed an initial complaint around the same time as the other plaintiffs and likewise failed to allege compliance with the Government Claims Act.

On May 2, 2022, plaintiffs mailed claim notification packets to the County pursuant to the Government Claims Act.  On May 19, 2022, plaintiffs received a notice that the County rejected their claims "for failure to present a timely claim."

On June 20, 2022, plaintiffs Felix and Zazueta-Lara filed their respective first amended complaints, again alleging violations of the CMIA.

On July 25, 2022, Besanceney filed a second[1] amended complaint alleging CMIA violations.[2]

The County filed demurrers to all three complaints. The County argued that claims relating to "injury to person," which encompasses plaintiffs' improper termination claims, must be submitted within six-months after accrual of the cause of action. The County further asserted plaintiffs' sole remedy was to petition the court for relief, which they failed to do. The County requested that the court dismiss the complaints for failing to comply with the government presentation requirement because plaintiffs should have submitted their claims prior to initiating civil lawsuits and/or sought orders relieving them of the claims presentation requirement.[3]

The demurrers were sustained without leave to amend. As to Felix's complaint, the court explained Felix's claim "requires that Defendant discriminates against [Felix] as an employee, but retaliation claims sound in tort, not contract." Accordingly, the court concluded the claims were subject to the 6-month deadline and untimely under Government Code section 911.2. The court further noted "[t]he failure to present timely claims is a necessary element, and any untimely claims are barred." The demurrer to Besancency's complaint was sustained for identical reasons.

---

[1] Plaintiff Besanceney failed to provide her first amended complaint as part of the appellate record. We thus assume it is not relevant to the issues on appeal.

[2] All plaintiffs also asserted a fraud cause of action, but those claims were dismissed prior to the proceedings at issue.

[3] All the demurrers, as well as the trial court's orders regarding the demurrers to Felix's and Besanceney's complaints, address whether the complaints fail to state a claim under the CMIA. We do not discuss this aspect of the demurrers and orders because it has not been raised on appeal and does not impact our analysis.

The demurrer to Zazueta-Lara's complaint was likewise sustained because she failed to file her claim with the County within six months, pursuant to Government Code section 911.2.  However, the court also sustained the demurrer based on her failure to file her claim prior to filing a lawsuit.  The court explained "[p]rior to filing her lawsuit [Zazueta-Lara] was required to file a written claim with the public entity.  That did not happen.  Compliance with the statutory requirements is an element of the plaintiff's cause of action," and a "failure to allege the timely presentation of a claim will subject the complaint to a general demurrer."  The court further noted that filing an amended complaint "does not relieve [Zazueta-Lara] of the condition precedent to filing a lawsuit."  The court thus held, "Since a requirement to file a claim with the public entity is a condition precedent to filing her lawsuit [Zazueta-Lara] cannot defeat the demurrer."

Plaintiffs timely appealed.[4]

---

[4] In their notices of appeal, plaintiffs purported to appeal from the judgment of dismissal after an order sustaining the County's demurrer, but listed the dates of the orders sustaining the demurrers.  The order alone is not appealable: "[A]ppeal must be taken from the ensuing order (judgment) of dismissal." (*Hebert v. Los Angeles Raiders, LTD.* (1991) 23 Cal.App.4th 414, 418, fn. 1.)  The appellate record does not contain any of the subsequent judgments against the plaintiffs, if entered.  Nevertheless, "[t]he fact that no judgment of dismissal was entered on the order sustaining the demurrer does not present an insurmountable obstacle to the appeal." (*Shepardson v. McLellan* (1963) 59 Cal.2d 83, 88.)  It would be inefficient to dismiss the appeal, order the trial court to enter judgments of dismissal on the sustained demurrers, and then permit a subsequent appeal from the dismissals.  (*Ibid.*)  Instead, as the parties treat the appeal as properly before us, we deem each "order sustaining [the] demurrer to incorporate a judgment of dismissal and interpret[ ] plaintiff's notice of appeal as applying to such dismissal." (*Federer v. County of Sacramento* (1983) 141 Cal.App.3d 184, 185.)

DISCUSSION

On appeal, plaintiffs only challenge the orders sustaining the demurrers in connection with their first causes of action—i.e., violation of Civil Code section 56.20, subdivision (b). Plaintiffs assert this claim is subject to a twelve-month deadline for claim presentment under Government Code section 911.2 and that the trial courts erred by applying a six-month deadline.

## I.  Legal Framework

"The Government Claims Act . . . 'establishes certain conditions precedent to the filing of a lawsuit against a public entity. As relevant here, a plaintiff must timely file a claim for money or damages with the public entity. ([Gov. Code,] § 911.2.)' " (*California Rest. Mgmt. Sys. v. City of San Diego* (2011) 195 Cal.App.4th 1581, 1591.) Government Code section 911.2, subdivision (a), provides "[a] claim relating to a cause of action for death or for injury to person or to personal property . . . shall be presented . . . not later than six months after the accrual of the cause of action. A claim relating to any other cause of action shall be presented . . . not later than one year after the accrual of the cause of action."

Failure to file a claim with the public entity " 'bars the plaintiff from bringing suit against that entity. ([Gov. Code,] § 945.4.)' " (*California Rest. Mgmt. Sys. v. City of San Diego*, *supra*, 195 Cal.App.4th at p. 1591.) " 'Only after the public entity's board has acted upon or is deemed to have rejected the claim may the injured person bring a lawsuit alleging a cause of action in tort against the public entity.' " (*Ibid.*) " 'The policy underlying the claims presentation requirements is to afford prompt notice to public entities. This permits early investigation and evaluation of the claim and informed fiscal planning in light of prospective liabilities.' " (*Ibid.*)

## II. Plaintiff Zazueta-Lara's Appeal

Zazueta-Lara's appeal challenges the court's order regarding the applicable deadline under Government Code section 911.2. However, her appeal fails to challenge the validity of the trial court's order sustaining the demurrer on grounds other than the six-month deadline. As indicated above, the trial court sustained the demurrer to all causes of action because she failed to submit her claim to the County *prior* to filing her lawsuit as required by Government Code section 945.4. The court emphasized this requirement was "a condition precedent to [Zazueta-Lara's] ability to maintain an action" against the County, and it was not remedied by her filing of a first amended complaint.

This ruling is not addressed or challenged in Zazueta-Lara's opening brief on appeal. To the extent Zazueta-Lara acknowledges this argument in her reply brief, it is merely to distinguish one case cited by the County and no meaningful discussion of the trial court's analysis is provided. (*Shaw v. Los Angeles Unified Sch. Dist.* (2023) 95 Cal.App.5th 740, 754 ["[W]e do not consider points raised for the first time in the reply brief absent a showing of good cause for the failure to present them earlier."].) Although our review of an order sustaining demurrer is de novo, that review " 'is limited to issues which have been adequately raised and supported in [an appellant's opening] brief.' " (*WA Southwest 2, LLC v. First American Title Ins. Co.* (2015) 240 Cal.App.4th 148, 155; *Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956 [issues not raised or supported by adequate legal argument in an appellant's brief are deemed forfeited, waived or abandoned].)

Consequently, we conclude Zazueta-Lara has forfeited any challenge to this aspect of the trial court's demurrer ruling, which was one of the

6

independent grounds on which the trial court sustained the demurrer to all causes of action. Accordingly, we affirm the trial court's order sustaining the demurrer based on Government Code section 945.4. Moreover, even if we did not affirm the demurrer on this ground, we would conclude her argument regarding Government Code section 911.2 fails as discussed below.

## III. Plaintiff Felix's and Besanceney's Appeals

" 'In reviewing a judgment of dismissal after demurrers are sustained without leave to amend, we treat the pleadings as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.]' [Citation.] 'We independently review the complaint to determine whether it states a cause of action and whether defects can be cured by amendment. The burden of proof is squarely on the plaintiff, and if there is no liability as a matter of law, leave to amend should not be granted. [Citations.] The judgment of dismissal will be affirmed if it is proper on any of the grounds stated in the demurrers, whether or not the trial court relied on any of those grounds.' " (*Lake Almanor Assocs. L.P. v. Huffman-Broadway Grp., Inc.* (2009) 178 Cal.App.4th 1194, 1198–1199.)

### A. The CMIA

"The CMIA . . . 'is intended to protect the confidentiality of individually identifiable medical information obtained from a patient by a health care provider, while at the same time setting forth limited circumstances in which the release of such information to specified entities or individuals is permissible. [Citation.] [¶] The CMIA mostly governs disclosures of patient medical information by health care providers, but one chapter governs the use and disclosure of employee medical information by employers. [Citation.] The substantive employer prohibitions—and their relevant exceptions—are

7

found in the four subdivisions under [Civil Code] section 56.20.' " (*Rossi v. Sequoia Union Elementary Sch.* (2023) 94 Cal.App.5th 974, 986 (*Rossi*).)

The only claim at issue in this appeal arises from Civil Code section 56.20, subdivision (b) (section 56.20(b)). "Section 56.20(b) consists of two sentences—the first a prohibition on discrimination, and the second a 'necessity' exception: [¶] '(b) No employee shall be discriminated against in terms or conditions of employment due to that employee's refusal to sign an authorization under this part. However, nothing in this section shall prohibit an employer from taking such action as is necessary in the absence of medical information due to an employee's refusal to sign an authorization under this part.' " (*Rossi*, *supra*, 94 Cal.App.5th at p. 987.)

" 'An employer "discriminates" against an employee in violation of section 56.20, subdivision (b), if it improperly retaliates against or penalizes an employee for refusing to authorize the employee's *health care provider* to disclose confidential medical information to *the employer or others* . . . , or for refusing to authorize *the employer* to disclose confidential medical information relating to the employee *to a third party* . . . .' " (*Rossi*, *supra*, 94 Cal.App.5th at p. 987.)

Civil remedies for violations of section 56.20(b) are governed by Civil Code section 56.35. That provision provides, "In addition to any other remedies available at law, a patient whose medical information has been used or disclosed in violation of Section . . . 56.20 . . . and who has sustained economic loss or personal injury therefrom may recover compensatory damages, punitive damages not to exceed three thousand dollars ($3,000), attorney's fees not to exceed one thousand dollars ($1,000), and the costs of litigation."

8

**B. Analysis**

Plaintiffs contend the six-month deadline in Government Code section 911.2 does not apply to claims arising under the CMIA. We disagree.

Courts have interpreted Government Code section 911.2, subdivision (a), as applying a six-month deadline to tort claims, and the twelve-month deadline to non-tort claims. (See, e.g., *Voth v. Wasco Public Util. Dist.* (1976) 56 Cal.App.3d 353, 356 ["statutory language clearly indicates that the [six-month] clause covers tort claims only"].) Whether an action "is contractual or tortious depends upon *the nature of the right sued upon*, and not the form of the pleading or the relief demanded. [Citations.] If the action is based on a breach of a promise, it is contractual; if it is based on a breach of a noncontractual duty, it is in tort. [¶] If the breach is both contractual and tortious, we must ascertain which duty is the quintessence of the action." (*Ibid.*)

As an initial matter, plaintiffs assert their "claims are not claims for death or personal injury or property, instead, Plaintiff is suing the defendant for a statutory violation." But, as noted above, the question is whether their CMIA claim constitutes a tort. (See *Voth v. Wasco Public Util. Dist.*, *supra*, 56 Cal.App.3d at p. 356.) The fact that their claim asserts a statutory violation is not determinative. As the California Supreme Court has explained, "[u]nder the Government Claims Act . . . there is no common law tort liability for public entities in California; instead, such liability *must be based on statute*." (*Guzman v. County of Monterey* (2009) 46 Cal.4th 887, 897 (italics added); *Hampton v. County of San Diego* (2015) 62 Cal.4th 340, 347 [same]; *Quigley v. Garden Valley Fire Protection Dist.* (2019) 7 Cal.5th 798, 803 [same].)

The question thus is whether the claim challenges tortious conduct and is subject to the six-month deadline under section 911.2. First, we note plaintiffs' first causes of action expressly allege that the CMIA created a tort: "[T]he California legislature sought to protect every California citizen's individual right to privacy *by creating a tort under which a defendant can be sued for damages.* Specifically, California prohibited employers from punishing their employees for failing to disclose medical information by passing the [CMIA]."[5] (Italics added.) This allegation is in accord with California authorities that have noted claims regarding privacy, the CMIA, and the disclosure of personal information are tort-based. (See, e.g., *Moreno v. Hanford Sentinel, Inc.* (2009) 172 Cal.App.4th 1125, 1129 ["The right to privacy tort was recognized in 1890 based on the trend in tort law to extend protection to ' "the right of determining, ordinarily, to what extent [a person's] thoughts, sentiments, and emotions shall be communicated to others." ' . . . In other words, the tort protects 'a "right 'to be let alone.' " ' "]; *People ex rel. Alzayat v. Hebb* (2017) 18 Cal.App.5th 801, 826 [noting plaintiff alleged "tort claims based on violation of the Confidentiality of Medical Information Act"]; accord *Nayab v. Cap. One Bank (USA), N.A.* (9th Cir. 2019) 942 F.3d 480, 491–492 ["The harm at issue here—the release of highly personal information in violation of the [Fair Credit Reporting Act]—is the same harm that forms the basis for the tort of intrusion upon seclusion."].)

Moreover, for plaintiffs to seek liability under the CMIA, they must allege not only a violation of section 56.20(b), but also "economic loss or personal injury therefrom." (Civ. Code, § 56.35.) Section 56.35—under which plaintiffs request damages in their complaints—provides that "a patient

---

[5] This cause of action is identical in both plaintiff Felix's and Besanceney's complaints.

whose medical information has been used or disclosed in violation of Section . . . 56.20 . . . *and who has sustained economic loss or personal injury therefrom* may recover compensatory damages . . . ." (Civ. Code, § 56.35; italics added.) The requirement that an individual must demonstrate "economic loss or personal injury" to establish a tort-based claim under the CMIA indicates Government Code section 911.2, subdivision (a)'s six-month deadline for "injury to person or property" applies. (See also Gov. Code, § 810.8 [defining " 'injury' " as "death, injury to a person, damage to or loss of property, or any other injury that a person may suffer to his person, reputation, character, feelings or estate, of such nature that it would be actionable if inflicted by a private person."].)

The primary case relied on by plaintiffs, *Murray v. Oceanside Unified School District* (2000) 79 Cal.App.4th 1338 (*Murray*), does not compel a different conclusion. In *Murray*, a plaintiff sued her employer for harassment on the basis of sexual orientation and subsequent retaliatory conduct. (*Id.* at p. 1344.) Prior to filing suit, she submitted a governmental tort claim. (*Id.* at p. 1360.) The trial court found, in relevant part, her claim untimely because it was not based on evidence within "six months before the first government tort claim was filed." (*Id.* at p. 1346.)

On appeal, the court considered how the newly enacted Fair Employment and Housing Act (Gov. Code, § 12900 et seq.; FEHA), impacted the plaintiff's claims. (*Murray*, at p. 1352.) The court found FEHA applied retroactively to the plaintiff's claims and noted "actions brought under FEHA have been held exempt from the claims presentation requirements of the general [Government] Claims Act" and instead subject to the specific time limitations contained in FEHA. (*Murray*, at pp. 1354, 1360.) And a person alleging claims for discrimination and harassment under FEHA has one year

11

within which to file an administrative complaint.  (*Murray*, at p. 1360.)

Accordingly, the court held, "since this action now falls within the scope of

FEHA, . . . the relevant time for evaluating the claims requirements is one

year before the first tort claim was filed on November 13, 1995, pursuant to

[Government Code] section 12960." (*Murray*, at p. 1361.)  The court then

allowed the plaintiff to amend her complaint to encompass allegedly

harassing acts dating back one year from her claim, rather than the six-

month "cutoff date used in the prior proceedings." (*Murray*, at p. 1362.)

Contrary to plaintiffs' argument, *Murray* indicates that courts apply a

six-month deadline for submitting government claims for statutory

discrimination and retaliation claims.  The one-year limitations period only

applied to FEHA claims submitted under its specific administrative claim

procedures, which are separate and "exempt from" from the Government

Claims Act.  (See *Murray*, at p. 1360.)  Here, plaintiffs do not argue, and we

are not aware of any authority, that would place CMIA claims within the

statutory framework of FEHA.

Accordingly, plaintiffs were required to submit their government claims

within six months from their termination.  Their failure to do so bars their

claims.  (See Gov. Code, §§ 911.2, subd. (a), 945.4.)

## DISPOSITION

The judgments are affirmed.  The County is entitled recover its costs on

appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)

12

 

 

_____

Petrou, J.

WE CONCUR:

_____

Tucher, P. J.

_____

Rodríguez, J.

A167741 – *Zazueta-Lara v. County of Sonoma*
A168106 – *Felix v. County of Sonoma*
A168107 – *Besanceney v. County of Sonoma*