[S. F. No. 21891. In Bank. Feb. 15, 1965.]

MARLENE E. REUTHER et al., Plaintiffs and Appellants,
v. MARY L. VIALL, Defendant and Appellant.

George N. Zenovich for Plaintiffs and Appellants.

Stammer, McKnight, Barnum, Bailey & Barnett and Dean A. Bailey for Defendant and Appellant.

BURKE, J.—In this personal injury action plaintiffs, Mr. and Mrs. Reuther and their two minor children by their guardian ad litem, recovered judgment on a special jury verdict finding wilful misconduct by defendant automobile driver, Mary L. Viall. Plaintiffs appeal from an order granting defendant a new trial, and defendant appeals from an order denying her motion for judgment notwithstanding the verdict. (See Code Civ. Proc., § 629.) Upon the evidence adduced the issue of wilful misconduct is one of fact rather than of law. There was a sufficient showing from which the jury reasonably could have arrived at the conclusion that defendant's actions constituted wilful misconduct; therefore, the trial court's order denying defendant's motion for judgment notwithstanding the verdict was proper. On the other hand, the nature of the evidence was such that reasonable men could differ thereon, a judgment that defendant was merely negligent would likewise find support, and therefore the judge's order granting defendant's motion for a new trial is binding on this court.

The Reuthers and the Vialls were neighbors and friends. After several hours of boating on a July day the adult

members of the two families returned to the Reuther home in Fresno at about 4:30 in the afternoon. The Viall automobile was then used to return the Reuthers' baby sitter to her home. Defendant Mrs. Viall drove. Plaintiff Mrs. Reuther sat in the right front seat with her 2-year-old son seated between her and defendant, and in the back seat were the baby sitter with plaintiffs' 1-year-old child and defendant's small daughter.

As the car was proceeding at a speed of about 25 to 30 miles per hour along a 63-foot-wide street with which defendant was familiar, plaintiff Mrs. Reuther pulled out a heated cigarette lighter located in the dashboard slightly left of the center. The heat element parted from the handle, falling to the floor of the automobile near the defendant driver's feet. Plaintiff reached across her son and around a center floor-mounted air-conditioning unit to retrieve the hot element, saying ''I'll get it.'' Defendant testified that she thereupon took her eyes off the road where she had noticed another car coming in the opposite direction about one-half block away, and with one hand remaining on the steering wheel likewise bent down to pick up the lighter; she was then looking down rather than ahead. While the two women were thus occupied, their automobile crossed into the oncoming traffic lane, narrowly missing one automobile, but colliding with a second at a point some 8 to 10 feet from the center of the street.

The driver of the first automobile testified that he observed the Viall automobile ''drifting'' into his lane, and that about six seconds elapsed between the time the automobile passed him and the time it struck the car following him. The driver of the latter car stated that when he first observed the Viall car, at a distance of 150 to 200 feet away from him, it moved over to his side of the road gradually, and then ''all of a sudden it moved quickly'' when less than 100 feet away and swerved directly into his car. The defendant driver, Mrs. Viall, while being examined as to where the Viall automobile came to rest after the collision, testified that ''I know we were bearing over to the other side of the road. We weren't in my lane of traffic.''[1]

---

[1]The interrogation was as follows:

''Q [By plaintiffs' attorney]. Where was your car after the accident, after the impact what side of the road were you on, do you recall? A. When I got out of the car, [it] was over on the left-hand side of the road pointing the wrong direction.

''Q. Did you have any idea how far over on the left-hand side of the

The Viall automobile was furnished to Mr. Viall by his employer for use in the business and for his and his wife's personal use. It was equipped with power steering and was driven "about once a week or more" by Mrs. Viall. She customarily drove another older car not equipped with power steering and much "harder to steer." Mrs. Vial further testified that when the heat element fell to the floor after plaintiff pulled out the lighter, "it occurred to me that it might possibly start a fire on the rug, or roll back towards the children in the back seat, and . . . it might hit my foot so I just automatically and quickly reached down, thinking I could pick it up very quickly and prevent anything more serious from happening"; that about a month before the accident when she had attempted to use the lighter while her husband was driving it had come apart, with the element falling to the floor.

As noted, the verdict in plaintiffs' favor was based on a finding of wilful misconduct on the part of Mrs. Viall. Section 17158 of the Vehicle Code provides that guests, as were plaintiffs here, may recover from the driver of the vehicle in which they have accepted a ride, only in the event they establish ". . . that the injury or death proximately resulted from the intoxication or wilful misconduct of the driver."

## Defendant's Appeal

Defendant, in appealing from the order denying her motion for judgment notwithstanding the verdict, contends there is no evidence sufficient to support the finding that she was guilty of wilful misconduct. ▮ The court's power to grant a motion for judgment notwithstanding the verdict is subject to the same limitations as apply to its power to grant a nonsuit; and a nonsuit may be granted only where, disregarding conflicting evidence and giving plaintiffs' evidence all the value to which it is legally entitled and indulging in every legitimate inference which may be drawn in plaintiffs' favor, ". . . the result is a determination that there is no evidence of sufficient

---

road you were? A. It is a very wide street and there are no white lines. I don't recall. I know we were over to that way, but I wouldn't know how many feet.

"Q. Do you think just generally speaking that you might have been pretty close to the east curb of Millbrook? A. Well, it is a very wide street. I don't think we were close to the curb, no.

"Q. How far from the curb do you think you may have been? . . . THE WITNESS: I don't really know how many feet it would be. I know we were bearing over to the other side of the road. We weren't in my lane of traffic."

substantiality to support a verdict in favor of the plaintiff.'' (*Reynolds* v. *Willson* (1958) 51 Cal.2d 94, 99 [331 P.2d 48], and cases there cited; see also *Quintal* v. *Laurel Grove Hospital* (1964) *ante,* pp. 154, 159-160 [41 Cal.Rptr. 577, 397 P.2d 161]; *Yarrow* v. *State of California* (1960) 53 Cal.2d 427, 437 [2 Cal.Rptr. 137, 348 P.2d 687].)

 Wilful misconduct means intentional wrongful conduct, done either with knowledge that serious injury to the guest probably will result or with a wanton and reckless disregard of the possible results; the driver's entire course of conduct, including his speed, is to be considered; and the existence of wilful misconduct is essentially a question of fact. (*Meyer* v. *Blackman* (1963) 59 Cal.2d 668, 677 [31 Cal.Rptr. 36, 381 P.2d 916], and cases there cited.) '' '[A]n intent to injure anyone is not a necessary ingredient of wilful misconduct. . . .' '' (*Cope* v. *Davison* (1947) 30 Cal.2d 193, 202 [180 P.2d 873, 171 A.L.R. 667].) Therefore, in the case under review, unless it is shown as a matter of law that defendant driver's conduct did not constitute wilful misconduct the order from which she here appeals must be affirmed.

 As already related, defendant testified that when she bent down to pick up the lighter element she took her eyes off the road, though knowing another car was approaching from the opposite direction. She was driving a car with power steering to which she was unaccustomed; there was also evidence from which the jury could conclude that the elapsed time during which defendant had her eyes off the road before colliding with the second car was the time it took defendant's car to meet and pass the first car coming toward her about one-half block away, plus an ensuing six seconds before the collision with the second car. Defendant's admission, ''I know we were bearing over to the other side of the road. We weren't in my lane of traffic,'' although given in response to a question as to where her car came to rest after the collision, reasonably could have been construed by the jury as indicating that she had been conscious that the car was drifting to the left and that nevertheless she did not raise her eyes to check her position before the collision. The evidence is sufficient to support the jury's implied finding that defendant drove her automobile with a wanton and reckless disregard of the possible results. (See *Goncalves* v. *Los Banos Mining Co.* (1962) 58 Cal.2d 916, 918 [26 Cal.Rptr. 769, 376 P.2d 833].) Defendant's testimony that she reached for the lighter element ''thinking I could pick it up very quickly and prevent any-

thing more serious from happening,'' whether accepted or rejected by the jury, would not as a matter of law negate a finding of wilful misconduct. Further, cases relied upon by defendant may be distinguished upon their facts. (See *Gillespie* v. *Rawlings* (1957) 49 Cal.2d 359, 368 [317 P.2d 601] [no showing defendant not looking ahead]; *Porter* v. *Hofman* (1938) 12 Cal.2d 445, 447 [85 P.2d 447] [car skidded where similar accidents not unusual]; *Strnod* v. *Abadie* (1960) 181 Cal.App.2d 737, 739 [5 Cal.Rptr. 627] [no evidence of how the accident happened]; *Winn* v. *Ferguson* (1955) 132 Cal. App.2d 539, 541 [282 P.2d 515] [defendant failed to observe stop sign, while attention diverted].) The trial court therefore correctly denied defendant's motion for judgment notwithstanding the verdict.

## *Plaintiffs' Appeal*

The court in its order granting defendant's motion for a new trial stated that the grounds upon which the motion was granted include that of insufficiency of the evidence. The rule is that ''In passing on a motion for new trial made upon that ground, a trial court weighs the evidence and the inferences to be drawn therefrom, and when the motion is granted its action will not be disturbed unless there has been an abuse of discretion; and it cannot be held that a trial court has abused its discretion where there is any evidence which would support a judgment in favor of the moving party.'' (*Hawk* v. *City of Newport Beach* (1956) 46 Cal.2d 213, 219 [293 P.2d 48], and cases there cited; see also *Quintal* v. *Laurel Grove Hospital, supra, ante,* pp. 154, 159; *Yarrow* v. *State of California, supra,* 53 Cal.2d 427, 437; *Brandelius* v. *City & County of San Francisco* (1957) 47 Cal.2d 729, 733 [306 P.2d 432].) As in *Hawk,* the evidence and the inferences to be drawn therefrom in the case now at bench are such that reasonable men could differ as to whether defendant driver was guilty of wilful misconduct, and a judgment in her favor would find support in the evidence. For example, the jury could reasonably have concluded that defendant acted to meet an unexpected emergency and to avoid a possible fire and injury to her guests and to her own little daughter. Consequently, it is not shown that the trial court abused its discretion in granting defendant's motion for a new trial.

The order denying defendant's motion for judgment notwithstanding the verdict and the order granting a new trial are

both affirmed. The parties will bear their own costs on these appeals.

Traynor, C. J., Peters, J., Tobriner, J., Peek, J., and Mosk, J., concurred.

McCOMB, J.—I dissent. I would (a) reverse the orders granting defendant a new trial and denying defendant's motion for judgment notwithstanding the verdict and (b) remand the case to the trial court with instructions to enter judgment for defendant notwithstanding the verdict, for the reasons expressed by Mr. Justice Stone in the opinion prepared by him for the District Court of Appeal in *Reuther* v. *Viall* (Cal.App.) 40 Cal.Rptr. 694.