[Civ. No. 10329. Fourth Dist., Div. One. Apr. 15, 1971.]

JANE D. TISCHOFF, Plaintiff and Respondent, v.
PEARL H. WOLFCHIEF, Defendant and Appellant.

## COUNSEL

Ruston & Nance, Holt, Rhoades, Hollywood & Miller and Donald A. Ruston for Defendant and Appellant.

McInnis, Fitzgerald, Rees & Sharkey and James A. McIntyre for Plaintiff and Respondent.

## OPINION

**BROWN (Gerald), P. J.**—A jury awarded plaintiff Jane D. Tischoff $75,000 for injuries she received in an automobile collision. Defendant Pearl H. Wolfchief appeals, contending judgment should not have been entered as against her because the car she was driving at the time of the accident did not come in contact with plaintiff's car.

About 9:00 p.m., July 27, 1966, plaintiff stopped her car at a stop sign on Rosemont Street at its intersection with La Jolla Boulevard, a through street. Starting across La Jolla Boulevard, plaintiff saw two cars to her right, about 800 feet away, traveling abreast. She could not estimate their speed but that section of La Jolla Boulevard was posted for a 30 mile per hour speed limit. Continuing across, plaintiff looked to her left, then again to her right. The two cars were still abreast of each other but were now only 17 or 18 feet away.

One of the approaching cars, driven by Robert Pratt, collided with plaintiff's car. The other, driven by defendant, missed. Pratt was not a party to the trial as plaintiff's action against him was settled out of court.

Earlier in the evening, about 6:30 p.m., defendant Pearl Wolfchief met her boyfriend, Robert Pratt, at a Pacific Beach bar. They stayed together at the bar until about 9:00 p.m., when they agreed to drive their cars to defendant's house in La Jolla and either have dinner there or go on to a nearby beer bar to shoot pool. Pratt and defendant left the Pacific Beach bar together, drove their separate cars toward her house, generally driving near each other, until the accident.

Both Pratt and defendant estimated their speed as they approached the accident scene to be 35 miles per hour. The physical evidence, however, would support an inference of much greater speed. Pratt's car skidded some 81 feet before the collision, using up about 41 miles per hour of his velocity. The impact of his car caused extensive damage to plaintiff's car, knocking it out of Pratt's path. Pratt's car then continued, struck the left rear side of defendant's car, skidded centrifugally 142 feet, jumped a curb and came to rest when it struck a house, caving in its plaster siding. The testimony of plaintiff, Pratt and defendant support an inference defendant drove at the same speed as Pratt.

█ From the evidence the jury could have concluded both Pratt and defendant were traveling 70 miles per hour or more in a 30 mile per hour zone and were driving side by side or close to it. This, coupled with evidence Pratt and defendant agreed to leave the Pacific Beach bar together and drive to defendant's house in their separate cars, reasonably supports a conclusion they were either racing or indulging in a bit of automotive skylarking, goading each other to excessive speed.

Defendant contends there is no substantial evidence of proximate causation to connect her negligence to plaintiff's injuries because her car did not strike plaintiff's car. The fact defendant's car avoided hitting plaintiff's car does not negative proximate causation. █ Where two cars are racing and, as a proximate cause of the race, one racer collides with another car, the non-colliding car may be found to have been a concurring proximate cause of the accident (*Agovino* v. *Kunze,* 181 Cal. App.2d 591, 596-599 [5 Cal.Rptr. 534]; *People* v. *Kemp,* 150 Cal.App.2d 654, 659 [310 P.2d 680]; *Sena* v. *Turner,* 195 Cal.App.2d 487, 491 [15 Cal.Rptr. 857]). Defendant attempts to avoid the impact of these cases by arguing they all involved an illegal speed contest or exhibition. We have noted the jury could have found Pratt and defendant were racing. Moreover, the proximate cause issue would be the same whether Pratt and defendant were racing or were otherwise inciting each other to excessive

and dangerous speeds. It is creating the hazard which results in injury by a concert of action which causally connects the acts of both Pratt and defendant to plaintiff's injuries.

What we have said disposes of defendant's contention the court erred in giving a jury instruction on speed exhibitions taken from the language of Vehicle Code section 23109. Defendant argues the term "speed exhibition" as used in section 23109 and in the court's instruction required further definition. The term has been held sufficiently certain to impose criminal sanctions for violating section 23109 (*In re Harvill,* 168 Cal. App.2d 490, 492 [335 P.2d 1016]). We think it is sufficiently certain for purposes of imposing civil responsibility. Defendant made no request for an instruction defining or clarifying the term "speed exhibition."

Defendant contends the evidence would not support a finding of willful misconduct and the court erred by instructing on the subject. *Reuther* v. *Viall,* 62 Cal.2d 470, 475 [42 Cal.Rptr. 456, 398 P.2d 792] says: "Wilful misconduct means intentional wrongful conduct, done either with knowledge that serious injury to the guest probably will result or with a wanton and reckless disregard of the possible results; the driver's entire course of conduct, including his speed, is to be considered; and the existence of wilful misconduct is essentially a question of fact. [Citation.] '[A]n intent to injure anyone is not a necessary ingredient of wilful misconduct. . . .' "

In addition to defendant's excessive speed, the jury could consider the facts she was familiar with the road area, knew the speed limit was 30 miles per hour, and drove side by side during darkness in an area with cross streets. Since we cannot say defendant's conduct did not amount to willful misconduct as a matter of law, plaintiff had a right to have the jury pass on the issue (*Meyer* v. *Blackman,* 59 Cal.2d 668, 677 [31 Cal.Rptr. 36, 381 P.2d 916]).

Defendant contends the court erroneously instructed the jury:

"In ascertaining whether or not there was willful misconduct in the given case, Section 23109—you need not pay any attention to the number '23109'—of the California Vehicle Code provides as follows:

"No person shall engage in any motor vehicle speed contest on a highway, and no person shall aid or abet in any motor vehicle speed contest on any highway;

"No person shall engage in any motor vehicle exhibition of speed on a highway, and no person shall aid or abet in any motor vehicle exhibition of speed on any highway."

■ It is apparent the court misspoke itself in connecting section 23109 to ascertaining willful misconduct. The submitted written instructions are part of the record. None relate section 23109 to determining willful misconduct. Immediately after stating the instruction as we have quoted it, the court said:

"These kind of got misplaced, counsel. I will try to straighten them out for you."

The court then instructed on right-of-way upon entering a through highway (Veh. Code, § 21802) and concluded if the jury found a violation of section 23109 or section 21802 was a proximate cause of injury to another or to himself, the violation constituted negligence.

We think the jury was not misled to defendant's prejudice. The court correctly related section 23109 to negligence. At its request, the jury was later reinstructed on willful misconduct. Defendant did not ask the court to clarify or correct its instruction relating section 23109 to ascertaining willful misconduct. Under these circumstances we find no reversible error.

■ Defendant contends the court erred by instructing:

"In this case, in order to permit the plaintiff to recover for her injuries, it is not necessary that there be shown, or it is not necessary that there be an impact between the two vehicles here in question; that is, her vehicle and Mrs. Wolfchief's vehicle. If the jury finds that the defendant's conduct, after considering all of the evidence, was a proximate cause of the injury and damages to the plaintiff. . . ."

Defendant's complaint is the word "conduct" is not otherwise defined within this instruction on proximate cause and might be understood to include other than negligence or willful misconduct. Throughout the instructions the jury was told the type of conduct that would entitle plaintiff to recover was either negligence or willful misconduct. We see no way the jury reasonably could have been misled or confused on this issue.

During its deliberations, the jury asked to be reinstructed on contributory negligence and willful misconduct. The court did as requested, including a reinstruction contributory negligence would not bar recovery if defendant was guilty of willful misconduct. We think the instruction relating contributory negligence to willful misconduct was within the scope of the jury's request for reinstruction. No error occurred.

■ Defendant contends plaintiff's counsel committed misconduct in closing argument by saying:

"We don't have to prove a race. A race is one way of going about it.

If you don't think there was a race going on—I frankly feel it was a race—you don't have to find a race here."

We think counsel did not exceed the scope of permissible argument, nor did he misrepresent the law. No misconduct occurred.

■ Finally, defendant contends the jury verdict of $75,000 was inadequate in view of "undisputed" special damages of $91,988.65. Because of this, defendant argues the verdict represents a compromise of the liability question. While the special damages may have been "undisputed" in the sense that defense counsel did not argue damages at all in closing argument, the evidence regarding special damages for future loss of earnings conflicted. While plaintiff's counsel argued future wage loss on the basis of plaintiff's ability to work only three days a week, plaintiff's treating physician said, with surgery, plaintiff might be able to work a full 40-hour week. Also, plaintiff was married and there was some indication the reason she worked was because her husband had suffered business reverses. The jury could have questioned plaintiff's intention to continue full time employment were she able. We cannot say, as a matter of law, the verdict represents a compromise.

Judgment affirmed.

Coughlin, J., and Whelan, J., concurred.

A petition for a rehearing was denied April 26, 1971, and appellant's petition for a hearing by the Supreme Court was denied June 9, 1971.