**Gloria Grening WOLK, Plaintiff(s),**

v.

**Philip R. GREEN, Defendant(s).**

**No. C 06–5025 BZ.**

United States District Court,
N.D. California.

Aug. 22, 2007.

Order Granting Reconsideration
Sept. 4, 2007.

Gloria Grening Wolk, Bialkin Books, Raleigh, NC, pro se.

Timothy J. Halloran, Summer Michelle Smith, Murphy, Pearson, Bradley & Feeney, San Francisco, CA, for Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTIONS TO DISMISS AND TO STRIKE

BERNARD ZIMMERMAN, United States Magistrate Judge.

Before me is defendant Philip R. Green's Amended Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Motion to Strike Pursuant to Federal Rule of Civil Procedure 12(f) [Docket No. 50].[1] Having read and considered the arguments presented by the parties in the papers submitted to the Court, I find this matter appropriate for resolution without a hearing and **GRANT IN PART and DENY IN PART** defendant's Motion to Dismiss and **GRANT IN PART and DENY IN PART** defendant's Motion to Strike.

The present action arises from defendant's representation of plaintiff Gloria G. Wolk in a defamation suit for several months in 2005. *See* Am. Compl. ¶¶ 16–29.[2] The complaint alleges that plaintiff is a consumer advocate and author who was sued for defamation after criticizing a "viatical broker"[3] on her website. *Id.* at ¶¶ 5, 16–18. After changing attorneys several times, plaintiff hired defendant to represent her in the defamation action. *Id.* at ¶¶ 18–21.

Plaintiff retained defendant on May 2, 2005, and defendant asked plaintiff to advance $10,000 for his fees and litigation costs. *Id.* at ¶ 21. Plaintiff signed an employment contract with defendant on May 4, 2005. *Id.* at ¶ 22. On May 8, 2005, defendant notified her that he would not be available for the scheduled trial date, but agreed to request a continuance of the trial date. *Id.* at ¶ 23. Thereafter, defendant failed to properly represent her by: (1) failing to file a form substituting himself as attorney for plaintiff; (2) demanding more money from plaintiff; (3) threatening to cease representation of plaintiff if additional money was not provided; (4) refusing to refund monies so that plaintiff could hire another lawyer; (5) failing to prepare for trial and failing to schedule an important deposition in a timely fashion; and (6) threatening to cancel an important deposition unless more money was provided. *Id.* at ¶ 25. Ultimately, plaintiff and

---

1. All parties have consented to my jurisdiction, including entry of final judgment, pursuant to 28 U.S.C. § 636(c) for all proceedings.

2. This case was reassigned to me by Order dated April 27, 2007. By that time, defendant's motion was fully briefed, but several related motions remained pending. In particular, plaintiff's motion for leave to file a first amended complaint, and her motion for leave to file a surreply, were undecided. On June 6, 2007, I denied plaintiff's original motion to file an amended complaint, but granted plaintiff leave to file a new amended complaint. Plaintiff filed her amended complaint on June 18, 2007. Because leave was never granted for plaintiff to file her "First Amended Complaint," her "Second Amended Complaint" shall hereinafter be referred to as "Amended Complaint" (or "Am. Compl."). I also granted defendant leave to re-file his motion to dismiss; he re-filed it on July 5, 2007. On July 25, 2007, plaintiff filed a Supplement to her Opposition to defendant's renewed motion to dismiss ("Supplemental Opposition") which incorporated, by reference, her previously filed Opposition and Surreply. On July 30, 2007, without permission from the Court, defendant submitted an additional reply ("Supplemental Reply").

3. Viatical brokers purchase life insurance policies from terminally ill people, allowing the viators (the terminally ill people) to obtain needed cash, while allowing the brokers to collect the full death benefits of the policies upon the viators' deaths. Am. Compl. ¶ 5.

her opposing party in the defamation suit agreed to a "walk away" settlement, in which plaintiff paid nothing in exchange for removing her comments about the viatical broker from her website. Mot. to Dismiss at 5.

Plaintiff's amended complaint alleges legal malpractice, extortion, misrepresentation, breach of fiduciary duty, willful misconduct, breach of contract, negligent infliction of emotional distress, infliction of emotional distress, elder fraud abuse and unjust enrichment. Defendant seeks to dismiss all of plaintiff's causes of action or, in the alternative, strike plaintiff's requests for injunctive relief, attorney's fees, punitive damages, and consequential damages.

## I. Motion to Dismiss

Defendant seeks to dismiss plaintiff's complaint on the basis of lack of subject matter jurisdiction, the statute of limitations, and failure to state a claim.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim. *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir.2001). Under Rule 12(b)(6), a motion to dismiss should be granted only if plaintiff's complaint fails to set forth facts sufficient to establish a plausible right of recovery. *See Bell Atlantic Corp. v. Twombly,* —— U.S. ——, ——, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). For purposes of such a motion, the complaint is construed in a light most favorable to the plaintiff and all properly pleaded factual allegations are taken as true. *Everest & Jennings, Inc. v. American Motorists Ins. Co.,* 23 F.3d 226, 228 (9th Cir.1994); *see also Mitan v. Feeney,* 2007 WL 2068106, at *9 (C.D.Cal.) (discussing the post-*Twombly* standard).

When a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv–Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986). Leave to amend is properly denied "where the amendment would be futile." *DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir.1992).

### A. Diversity Jurisdiction

■ Defendant argues that plaintiff has failed to meet the amount in controversy requirement needed for diversity jurisdiction. 28 U.S.C. § 1332 (requiring that the amount in controversy exceed $75,000). Contrary to defendant's assertion, plaintiff alleges damages in an amount greater than $75,000 in her complaint and in her prayer for relief, presumably based on the legal fees expended, lost income, and damages from emotional distress. *See* Am. Compl. ¶¶ 37, 41, 47, 55, 65, 68, 72, 76, 86, Prayer for Rel.

■ The allegations of the complaint determine the amount in controversy if made in good faith. *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288–289, 58 S.Ct. 586, 82 L.Ed. 845 (1938). To justify dismissal for lack of a jurisdictional amount, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount. *Id.* Moreover, the jurisdictional minimum may be satisfied by claims of general and specific damages, attorney's fees, and by punitive damages. *Simmons v. PCR Technology,* 209 F.Supp.2d 1029, 1031 (N.D.Cal.2002). The Court cannot say to a legal certainty that the claim is really for less than the jurisdictional amount. Federal jurisdiction is properly invoked in this case.

### B. Statute of Limitations

■ Defendant also argues that plaintiff's claims are barred by a statute of

limitations. California Code of Civil Procedure section 340.6 provides:

> An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year of when the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first. In no event shall the time for commencement of legal action exceed four years except that the period shall be tolled during the time that:
>
> . . . . .
>
> (2) the attorney continues to represent the plaintiff regarding the specific subject matter in which the alleged wrongful act or omission occurred.

Defendant argues the attorney-client relationship ended on August 19, 2005, when the dismissal of the underlying action was filed. Mot. to Dismiss at 7. Plaintiff filed the instant action on August 21, 2006. Thus, defendant concludes "[a]ll the claims must be dismissed as Plaintiff failed to file this action within one year of when she knew of the facts on which she now bases this action for malpractice." *Id.* at 9. Defendant further contends "none of the factors allowing for any tolling of the statute are present." *Id.* Defendant attempts to characterize contact after August 19, 2005 as a "ministerial task", arguing such contact does not amount to representation without citing any legal authority defining what constitutes a "ministerial task" or explaining why such a ministerial task does not amount to representation. Reply at 2.

 Evidence submitted by the parties demonstrates that after August 19, 2005, plaintiff and defendant continued to communicate with each other about the defamation case in furtherance of finalizing the settlement. Pl.'s Decl. in Opp'n to Supplementary Mot. to Dismiss / Mot. to Strike ("Pl.'s Supplemental Decl") ¶ 3–10. Moreover, defendant billed plaintiff for time spent on this communication. Supplemental Reply Ex. A.[4]

Defendant's reliance on *Gurkewitz v. Haberman*, 137 Cal.App.3d 328, 187 Cal. Rptr. 14 (1982) is misplaced. *Gurkewitz* held that "so long as there are unsettled matters tangential to a case, and the attorney assists the client with these matters, he is acting as his representative." *Id.* at 333, 187 Cal.Rptr. 14. Here, there were "unsettled matters tangential to" the underlying action, as evidenced by email exchanges between August 19 and September 8, 2005, relating to post-settlement issues. Pl.'s Supplemental Decl. ¶ 3–10, Exh.'s A–F. Defendant assisted plaintiff in finalizing the settlement, contacted opposing counsel regarding the same, and billed plaintiff for these activities, up through September 8, 2005. Supplemental Opp'n at 4; Supplemental Reply Ex. A. Under *Gurkewitz*, defendant's finalization of the settlement agreement may constitute continuous representation. Certainly, I can-

---

4. Typically, evidence outside the pleadings is not considered on a motion to dismiss. When evidence outside the pleadings is relied on, the motion should be converted to one for summary judgment. *See Jacobson v. AEG Capital Corp.*, 50 F.3d 1493, 1496 (9th Cir. 1995). Because I have considered some evidence outside the pleadings in resolving the statute of limitations argument, and because both parties have had an opportunity to submit evidence, I will apply the summary judgment standard. Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

not say that there is no genuine issue of fact as to the time-bar issue.[5]

In addition to asserted procedural defects, defendant seeks to dismiss all of plaintiff's causes of action. I address each in turn.

## C. Legal Malpractice

■ Defendant argues that plaintiff fails to state a claim for legal malpractice. In civil malpractice cases, the plaintiff must demonstrate: (1) the duty of the attorney to use such skill, prudence and diligence as members of the profession commonly possess; (2) a breach of that duty; (3) a proximate causal connection between the breach and the resulting injury; and (4) actual loss or damage. *Wiley v. County of San Diego*, 19 Cal.4th 532, 536, 79 Cal. Rptr.2d 672, 966 P.2d 983 (1998) (internal quotations and citations omitted).

■ Plaintiff alleges defendant breached the duty of care by failing to schedule necessary depositions, failing to make himself plaintiff's attorney of record, and failing to proceed with the litigation in a timely manner, all of which directly and proximately caused plaintiff to suffer damages in excess of $75,000. Am. Compl.

¶¶ 32–37. If true, these allegations meet each element of legal malpractice.

Defendant argues that plaintiff "bases her cause of action for legal malpractice on what she asserts was Green's failure to file a substitution of attorney," when in fact he "did file a substitution of attorney." Mot. to Dismiss at 9–10. Defendant mischaracterizes plaintiff's position. Plaintiff does not base her cause of action for legal malpractice on defendant's failure to file a substitution of attorney, but on defendant's failure to file a *timely* substitution of attorney, which deprived plaintiff of counsel during her deposition. Am. Compl. ¶ 33. The claim is sufficiently pleaded.[6]

## D. Extortion

■ Defendant also argues that plaintiff fails to state a claim for extortion. California Penal Code section 518 defines extortion as "the obtaining of property from another, with his consent, . . . induced by a wrongful use of force or fear, or under color of official right."[7] Plaintiff does not provide any authority for her bringing a private extortion claim, nor does she state a claim for extortion.[8] Plaintiff does not allege anything more than a threat by defendant to cease repre-

---

5. Defendant's reliance on *Shapero v. Fliegel*, 191 Cal.App.3d 842, 236 Cal.Rptr. 696 (1987), is also misplaced. *Shapero* merely held that "failure [to formally withdraw as counsel of record], standing alone, does not satisfy the continued representation provision of section 340.6 for the purpose of tolling the running of the statute of limitations." *Id.* at 849, 236 Cal.Rptr. 696.

6. Defendant disputes several of plaintiff's factual allegations related to the malpractice claim. Defendant did not, however, file a declaration or other admissible evidence in support of his factual contentions. I therefore limit my analysis to the pleadings.

7. California Penal Code section 519 states that "fear, such as will constitute extortion, may be induced by a threat . . . to do an unlawful injury to the person or property of the individual threatened."

8. Although California Business & Professions Code sections 17200 and 17204, may provide in limited circumstances for a private right of action under criminal law, plaintiff's complaint neither alleges a violation of section 17200 nor states a claim for extortion. *See Haskell v. Time, Inc.*, 965 F.Supp. 1398, 1402–03 (E.D.Cal.1997) (citations omitted); *see also Walker v. Dreyer's Grand Ice Cream, Inc.*, 2006 WL 2642535, at *2 (N.D.Cal.) (noting that the plaintiff alleging a section 17200 claim must identify some law as the predicate for recovery).

sentation of plaintiff unless more funds were provided. If extortion encompassed such circumstances, then virtually every business dispute where one party demands more money for continued service would also constitute extortion. I know of no authority for such an extension of the law. Accordingly, plaintiff fails to state a cause of action for extortion, and the claim will be dismissed, absent amendment.

### E. Misrepresentation

Defendant also argues that plaintiff fails to state a claim for misrepresentation. He reads plaintiff's complaint as alleging intentional misrepresentation, or actual fraud, *see Anderson v. Deloitte & Touche,* 56 Cal.App.4th 1468, 1474, 66 Cal.Rptr.2d 512 (1997), and cites *Girard v. Ball,* 125 Cal.App.3d 772, 178 Cal.Rptr. 406 (1981), for the proposition that to state a cause of action for misrepresentation, plaintiff must allege (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud, i.e., induced reliance; (4) justifiable reliance; and (5) resulting damage. Mot. to Dismiss at 10. Defendant alleges plaintiff "has not and cannot plead that there was any misrepresentation at the outset" and plaintiff "has not and cannot plead reliance as she was informed at the outset that a motion for a continuance was going to be sought based on the proximity of the action to trial, and of pre-scheduled vacation plans of Green at the time he agreed to take the case." *Id.*

 Plaintiff's amended complaint contradicts defendant's assertion. Plaintiff alleges defendant used "fraudulent assurances" to induce plaintiff to hire him, and "failed to disclose, when he agreed to take the case to trial, that he had neither the time (due to his planned vacation) nor the experience as a trial attorney." Am. Compl. ¶ 43. An intentional failure to disclose is an actionable fraud in the presence of a fiduciary duty to disclose. *See Re-*

*naissance Realty Inc. v. Soriano,* 174 Cal. Rptr. 837, 120 Cal.App.3d Supp. 13, 16 (1981). Moreover, plaintiff alleges that she entered into an agreement for the purpose of taking the case to trial, thus showing reliance. Opp'n at 5; Am. Compl. ¶ 67. The claim is sufficiently plead.

### F. Breach of Fiduciary Duty

 Defendant also argues that plaintiff has failed to state a claim for breach of fiduciary duty. Breach of fiduciary duty is a concept that is "separate and distinct from traditional professional negligence but which still comprises legal malpractice." *Mosier v. S. Cal. Physicians Ins. Exch.,* 63 Cal.App.4th 1022, 1044, 74 Cal.Rptr.2d 550 (1998). The elements of a cause of action for breach of fiduciary duty are: (1) the existence of a fiduciary duty; (2) the breach of that duty; and (3) damage proximately caused by that breach. *Id.* Fiduciary duty arises in an attorney-client context. *Id.*

 Plaintiff alleges defendant breached his fiduciary duty by "charging for services he never intended to provide, and in fact, did not provide," and by "demanding increasing sums and failing to take any useful action on her behalf." Am. Compl. ¶¶ 50–51. Plaintiff further alleges that defendant's breach forced her to continue pro se, making it "impossible for her to devote time and energy to income-producing work." *Id.* at ¶ 53. An attorney's "wilful failure to render the service for which he was retained and his assumption of a position contrary to his client's interests" violates his duty of fidelity to his client. *Academy of California Optometrists, Inc. v. Superior Court,* 51 Cal. App.3d 999, 1006, 124 Cal.Rptr. 668 (Cal. Ct.App.1975). Plaintiff's allegations, if proven, may show such a willful failure by defendant. Plaintiff has sufficiently pleaded a claim for breach of fiduciary duty.

## G. Willful Misconduct

 Defendant argues that plaintiff has failed to state a claim for willful misconduct. Willful misconduct means intentional wrongful conduct, done either with knowledge that serious injury probably will result or with a wanton and reckless disregard of the possible results. *Reuther v. Viall*, 62 Cal.2d 470, 475, 42 Cal.Rptr. 456, 398 P.2d 792 (1965). Three elements are necessary to raise a negligent act to the level of willful misconduct: actual or constructive knowledge of the peril to be apprehended; actual or constructive knowledge that injury is a probable as opposed to a possible result of the danger; and a conscious failure to act to avert that peril. *Colich & Sons v. Pacific Bell*, 198 Cal.App.3d 1225, 1242, 244 Cal.Rptr. 714 (1988).

 Plaintiff alleges that defendant's "refusal to become attorney of record would cause direct injury" to plaintiff, and this injury was made known to defendant by both plaintiff and an elder law attorney assisting plaintiff. Am. Compl. ¶ 58, 60. Plaintiff further alleges that throughout the three months of their association, defendant demonstrated "a wanton and reckless disregard of the possible result of his behavior toward Wolk." *Id.* at ¶ 64. Defendant's response is conclusory and unpersuasive. He states, without sufficient explanation, that "the cause of action is ... not supported in its maintenance by the facts Plaintiff pleads in support." Mot. to Dismiss at 11. Plaintiff, however, alleg-

es facts that meet the requirements of a willful misconduct claim.

## H. Breach of Contract

Defendant argues that breach of contract is "not a cause of action separate and distinct of [sic] the general claim for legal malpractice." Mot. to Dismiss at 12. Therefore, "[t]his cause of action is subsumed into the cause of action for legal malpractice in any event and as previously asserted is time barred by the one year state of limitation." *Id.*

 A legal malpractice action is a blend of tort and contract actions. Cal. Jur.3d Att'ys at Law § 559. California courts have held that "since in the usual case, the attorney undertakes to perform his duties pursuant to a contract with a client, the attorney's failure to exercise the requisite skill and care is also a breach of an express or implied term of that contract." *Neel v. Magana, Olney, Levy, Cathcart & Gelfand*, 6 Cal.3d 176, 181, 98 Cal.Rptr. 837, 491 P.2d 421 (1971). Where a case sounds in both tort and contract, the plaintiff may elect between the two actions. *Id.* at 182, 98 Cal.Rptr. 837, 491 P.2d 421. A plaintiff may bring suit on both contract and tort theories simultaneously, though he or she must ultimately elect which remedy to pursue. *See Southland Mechanical Constructors Corp. v. Nixen*, 119 Cal.App.3d 417, 435, 173 Cal. Rptr. 917 (1981), overruled on other grounds in *Laird v. Blacker*, 2 Cal.4th 606, 617, 7 Cal.Rptr.2d 550, 828 P.2d 691 (1992).[9]

---

**9.** Defendant's conclusory assertion that plaintiff has "failed to plead the terms or intendment of the contract of which she referenced to be able to determine the existence of any breach thereof" has no merit. Mot. to Dismiss at 12. Plaintiff has alleged that a contract was entered with defendant on May 2, 2005, when defendant agreed to take plain-

tiff's case to trial and required a retainer of $10,000. Am. Compl. ¶ 21. Moreover, plaintiff alleges that defendant breached the contract by failing to add himself as her attorney of record, failing to prepare for trial, and coercing plaintiff into settling on terms less favorable than she had previously rejected. Am. Compl. ¶ 67.

## I. Negligent Infliction of Emotional Distress

██ Defendant also argues that plaintiff has failed to state a claim for negligent infliction of emotional distress. To properly allege a negligent infliction claim, a plaintiff must plead either one of two accepted theories of recovery: the "bystander" theory or the "direct victim" theory. *Burgess v. Superior Court,* 2 Cal.4th 1064, 1071, 9 Cal.Rptr.2d 615, 831 P.2d 1197 (1992). Plaintiff clearly intends to proceed under a direct victim theory, because she alone has suffered the alleged harm. Because the direct victim theory does not provide for tort recovery separate from the tort of negligence, the claim must be analyzed as sounding in negligence. *See id.* at 1072, 9 Cal.Rptr.2d 615, 831 P.2d 1197; *see also Potter v. Firestone Tire & Rubber Co.,* 6 Cal.4th 965, 984, 25 Cal. Rptr.2d 550, 863 P.2d 795 (1993). Thus, the traditional elements of duty, breach, causation, and damages apply. *Id.*

Defendant cites *Smith v. Superior Court,* 10 Cal.App.4th 1033, 13 Cal.Rptr.2d 133 (1992), for the proposition that "a cause of action for negligent infliction of emotional distress is not allowed when the harm to plaintiff arises from the attorney's negligent conduct and is solely economic." Mot. to Dismiss at 12. However, plaintiff has alleged more than just economic harm.

██ In an action for legal malpractice, damages for emotional distress arising out of acts which invade an interest protected by established tort law are recoverable if the claimed emotional distress naturally ensues from the acts complained of. *Smith,* 10 Cal.App.4th at 1038, 13 Cal. Rptr.2d 133. Plaintiff adequately alleges that defendant's conduct "caused Plaintiff to suffer serious emotional distress *and* financial loss." Am. Compl. ¶ 71 (emphasis added). She has also pleaded the remaining elements of a negligence claim.

## J. Intentional Infliction of Emotional Distress

██ Defendant also argues that plaintiff has failed to state a claim for intentional infliction of emotional distress. Under California law, a claim of intentional infliction of emotional distress requires a plaintiff to show: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) severe or extreme emotional distress; and (3) and actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Pardi v. Kaiser Foundation Hospitals,* 389 F.3d 840, 852 (9th Cir.2004). "Outrageous conduct" is that which exceeds all bounds usually tolerated by a decent society, and is of a nature which is especially calculated to cause, and does cause, mental distress. *McDaniel v. Gile,* 230 Cal.App.3d 363, 372, 281 Cal.Rptr. 242 (1991). "[T]he extreme and outrageous character of the conduct may arise from an abuse by the actor of a position, or a relation with the other, that gives him actual or apparent authority over the other, or power to affect his interest." *Id.* (internal quotations and citation omitted).

██ Plaintiff alleges almost no facts in support of her claim of intentional infliction of emotional distress. She alleges merely that she had to "terminate telephone conversations" because of defendants' actions, and that defendant "persisted in conduct that he knew inflicted emotional distress." Am. Compl. ¶¶ 74–75. These allegations do not meet the requirements of an intentional infliction of emotion distress claim. Plaintiff does not allege any conduct by defendant that was extreme or outrageous, nor does she allege that she suffered any severe emotional trauma. The claim therefore fails, absent amendment.

## K. Elder Abuse[10]

Defendant also argues that plaintiff has failed to state a claim for elder abuse. A civil cause of action under the Elder Abuse statute is governed by the California Welfare and Institutions Code section 15657, which requires that a plaintiff demonstrate "by clear and convincing evidence that a defendant is liable for physical abuse as defined in Section 15610.63, or neglect as defined in Section 15610.57, and that the defendant has been guilty of recklessness, oppression, fraud, or malice in the commission of this abuse ...." *See also Benun v. Superior Court,* 123 Cal.App.4th 113, 119, 20 Cal.Rptr.3d 26 (2004) (relying on section 15657 as establishing the requirements for a civil cause of action).

Section 15610.63 lists a series of physical invasions, none of which is relevant to plaintiff's claims. Section 15610.57. Likewise, section 15610.57 defines neglect in such a way as to preclude application of the cause of action to defendant.[11] In particular, because defendant is not alleged as "having the care or custody of" plaintiff, *id.,* the statute does not appear applicable.[12]

For these reasons, plaintiff's claim for elder abuse fails. Because the failure is legal in nature, thereby rendering amendment futile, this claim is dismissed without leave to amend.

## L. Unjust Enrichment

Defendant also argues that plaintiff has failed to state a claim for unjust enrichment. An individual is required to make restitution if he or she is unjustly enriched at the expense of another. *First Nationwide Savings v. Perry,* 11 Cal.App.4th 1657, 1662, 15 Cal.Rptr.2d 173 (1992). Benefit means any type of advantage. *Id.*

Defendant conclusorily asserts that plaintiff has failed to plead how defendant was unjustly enriched by performing legal services she requested. Mot. to Dismiss at 13. Plaintiff, however, alleges defendant was "unjustly enriched by the sums paid by Plaintiff, which conferred upon him and his law firm benefits that were not earned and caused plaintiff to suffer corresponding injuries." Am. Compl. ¶ 85. Plaintiff's complaint adequately sets forth a claim for unjust enrichment.

## II. Motion to Strike

Defendant seeks to strike plaintiff's prayers for injunctive relief, attorneys' fees, punitive damages, and speculative consequential damages. Under Federal Rule of Civil Procedure 12(f), a court may strike a pleading or any portion of a pleading that is "redundant, impertinent, or scandalous." Fed.R.Civ.P.

---

**10.** Plaintiff styles her claim as "Elder Fraud Abuse." Am. Compl. ¶ 77. There is no such cause of action. As plaintiff cites to the statutory provisions for elder abuse in support of this claim, the court interprets this cause of action as one for elder abuse.

**11.** Neglect includes either "[t]he negligent failure of any person having the care or custody of an elder or a dependent adult to exercise that degree of care that a reasonable person in a like position would exercise," or "[t]he negligent failure of an elder or dependent adult to exercise that degree of self care that a reasonable person in a like position

would exercise." Cal. Welf. & Inst.Code § 15610.57.

**12.** While the statute contemplates that the definition of elder abuse will include financial abuse, *see* Cal. Welf. & Inst.Code §§ 15610.07 and 15610.30, the plain text of sections 15657 and 15610.57 preclude a plaintiff from bringing a civil action premised on financial abuse unless the abuser has care or custody of the elder. Indeed, a 2004 amendment to section 15657 deleted section 15610.30 from the list of qualifying abuses. *See* Cal. Welf. & Inst. Code §§ 15657, Amendments.

12(f). Motions to strike are disfavored, and the remedy of striking a pleading should generally be granted only to avoid prejudice to the moving party or when "it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation." *Smith v. Wal-Mart Stores,* 2006 WL 2711468, at *2 (N.D.Cal.) (internal quotations and citations omitted).

## A. Injunctive Relief

Defendant moves to strike plaintiff's request for injunctive relief. Plaintiff seeks an injunction to "prevent the Defendant from continuing to use these tactics with other clients, and in particular, with clients who are over the age of sixty-five." Prayer for Relief, Am. Compl. at 26. Plaintiff also seeks an injunction to "order the Defendant to withdraw his complaint with the collection agency and with credit reporting agencies". *Id.* Defendant seeks to strike this injunctive relief, arguing plaintiff has "failed to state grounds to act as a private attorney general and second cannot enjoin Defendant from utilizing lawful methods of receiving payment for services rendered." Mot. to Dismiss at 13–14.

My dismissal of plaintiff's elder abuse claim will preclude plaintiff from seeking injunctive relief aimed at prohibiting defendant from engaging in elder abuse. Moreover, plaintiff fails to plead causes of action supportive of her prayer for injunctive relief on behalf of the public at large.[13] Nevertheless, plaintiff does allege that she is suffering on-going injury relating to defendant's reporting of her to a collection agency and credit reporting bureaus. *See* Am. Compl. ¶ 63, Prayer for Relief at 26. Thus, while plaintiff may request an injunction to order defendant to withdraw his collection credit agency complaints, she may not seek an injunction in federal court on behalf of the general public or elderly clients. This portion of plaintiff's prayer for relief will be stricken, absent amendment.

## B. Attorneys' Fees

Defendant also moves to strike plaintiff's request for attorneys' fees. Plaintiff seeks to recover attorneys' fees and costs for bringing this action, despite the fact that she is representing herself *pro se.* Plaintiff has indicated that she may hire an attorney to represent her in stages of this litigation. Surreply at 5–6. If plaintiff does not hire an attorney by the point of trial, her request for attorneys' fees may be stricken at that time. Defendant's motion to strike is denied, without prejudice to defendant's re-raising this issue at an appropriate time.

## C. Punitive Damages

Defendant also moves to strike plaintiff's request for punitive damages. Where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, plaintiff may recover damages in addition to the actual damages. Cal. Civil Code § 3294; Judicial

---

**13.** Article III of the U.S. Constitution requires that a plaintiff in federal court must allege an injury that is actual or imminent, not conjectural or hypothetical. *Hangarter v. Provident Life & Accident Ins. Co.,* 373 F.3d 998, 1021 (9th Cir.2004). In the context of injunctive relief, a plaintiff must demonstrate a real or immediate threat of an irreparable injury. *Id.* And while California Business & Professions Code sections 17200, 17203 and 17204 may provide plaintiff standing to seek this type of injunctive relief, she has not alleged a cause of action under these statutes. *See, e.g., Von-Grabe v. Sprint PCS,* 312 F.Supp.2d 1313, 1323 (S.D.Cal.2004) (to establish standing in federal court to bring a section 17204 claim, plaintiff must allege that she has "personally suffered an injury as a result of Defendant's conduct allegedly experienced by other citizens unknown to Plaintiff.").

Council of California, Civil Jury Instructions No. 3940.

 Punitive damages are appropriate if the defendant's acts are reprehensible, fraudulent or in blatant violation of law or policy. *Tomaselli v. Transamerica Ins. Co.*, 25 Cal.App.4th 1269, 1287, 31 Cal.Rptr.2d 433 (1994). The mere carelessness or ignorance of the defendant does not justify the imposition of punitive damages. *Id.* Punitive damages are proper only when the tortious conduct rises to levels of extreme indifference to the plaintiff's rights, a level which decent citizens should not have to tolerate. *Id.*

 Plaintiff alleges at least seven viable causes of action, supported by specific factual allegations. I cannot say as a matter of law that defendant's alleged conduct, such as his failure to timely substitute as attorney of record, misrepresentations concerning his time commitments and experience, and his demands for additional funds, if proven, could not support an award of punitive damages.[14] At this stage, plaintiff's request for punitive damages is permissible.

### D. Consequential Damages

 Defendant also seeks to strike plaintiff's "consequential damages that cannot be reasonably calculated as connected to any of the acts complained of and, therefore, are at best speculative and subject to being stricken as not recoverable in an action for legal malpractice." Mot. to Dismiss at 14. Defendant, however, does not provide any support for striking plaintiff's request for consequential damages, nor does he specify which consequential damages request he opposes. Plaintiff makes several specific requests for consequential damages, and none are overly speculative.[15] Moreover, if plaintiff's consequential damages "cannot be reasonably calculated as connected to any of the acts complained of," then such damages will not be awarded to plaintiff at trial. Plaintiff's request for consequential damages is permissible.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED THAT** defendant's motion to dismiss is **GRANTED IN PART and DENIED IN PART.** The causes of action for extortion and intentional infliction of emotional distress are **DISMISSED WITHOUT PREJUDICE TO AMENDMENT.** The cause of action for elder abuse is **DISMISSED WITH PREJUDICE.** The motion to dismiss is **DENIED** with respect to the remaining causes of action.

**IT IS FURTHER ORDERED THAT** defendant's motion to strike is **GRANTED IN PART and DENIED IN PART.** The motion to strike is **GRANTED WITH LEAVE TO AMEND** as to plaintiff's prayer for injunctive relief on behalf of the general public. The motion to strike is otherwise **DENIED.**

**IT IS FURTHER ORDERED THAT** plaintiff is granted leave to filed an amended complaint by **Thursday, September 13, 2007** *only if* she can allege, in good faith, an adequate factual basis for her allegations and can allege specific facts support-

---

**14.** Defendant's citation to *Jackson v. Johnson*, 5 Cal.App.4th 1350, 7 Cal.Rptr.2d 482 (1992), is misplaced. In *Jackson*, the court held that punitive damages were not allowed in a legal malpractice verdict when no actual damages were found. 5 Cal.App.4th at 1351, 7 Cal. Rptr.2d 482. Here, plaintiff claims that she suffered actual damages.

**15.** Plaintiff requests consequential damages for her "forfeiture of economic opportunities," "injury to her credit rating", and for her "losses due to the need to refinance her home at a high rate of interest in order to acquire sufficient funds to relocate out of state, and the expense of relocation." Prayer for Relief, Am. Compl. at 27.

ing all of the required elements of her causes of action. While successful amendment of her claims may be conceivable, plaintiff should weigh the benefits of amendment against the detriment of prolonging uncertainty in her pleadings as the trial date approaches. If plaintiff amends her complaint, defendant's response will be filed by **Tuesday, October 9, 2007.** If plaintiff does not amend her complaint, defendant's answer will be filed by **Monday, September 24, 2007.**

## ORDER GRANTING PLAINTIFF'S MOTION TO RECONSIDER, AND RESTORING PLAINTIFF'S CLAIM FOR ELDER FINANCIAL ABUSE

 Following my Order dismissing, inter alia, plaintiff's claim for elder financial abuse, Cal. Welf. and Inst.Code §§ 15610, *et seq.*, plaintiff filed a "Motion to Alter or Amend Order". Construing her motion as one for reconsideration under Civil Local Rule 7–9, I ordered defendant to file an opposition. After reviewing the parties' papers,[1] I have concluded that my dismissal of the elder financial abuse claim at this stage of the pleading was in error, and I will restore the claim to plaintiff's complaint.[2]

Plaintiff's eighth cause of action, styled as "Elder Fraud Abuse," relies on the California Welfare and Institutions Code sections 15610, et seq., and in particular section 15657.5(a). *See* Pl.'s Am. Compl. at ¶¶ 78, 81. Section 15667.5(a) states: "Where it is proven by a preponderance of the evidence that a defendant is liable for financial abuse, as defined in Section 15610.30, in addition to all other remedies otherwise provided by law, the court shall award to the plaintiff reasonable attorney's fees and costs." Section 15610.30, in turn, defines elder abuse as, *inter alia,* taking or appropriating the real or personal property of an elder with intent to defraud. Cal. Welf. And Inst.Code § 15610.30(a)(1). An "elder" is defined as "any person residing in th[e] state, 65 years of age or older." *Id.* at § 15610.27.

Several courts have held that this California statute creates a civil cause of action for elder financial abuse. *See Genton v. Vestin Realty Mortgage II, Inc.,* 2007 WL 951838, at *2 (S.D.Cal.). Defendant's arguments that plaintiff's claim must fail because she is not a "dependant" adult, and because payments made to an attorney for services rendered cannot constitute "taking" or "appropriation", do not find clear support in the statute or relevant case law. *Cf.* Cal. Welf. And Inst.Code § 15610.23 (defining "dependant adult") *with* § 15610.30 (defining "elder"); *see, e.g., Negrete,* 444 F.Supp.2d at 1002–03 (holding that plaintiff sufficiently pleaded elder abuse by alleging that the defendant investment firm took or appropriated her funds by use of a fraudulent scheme).

Here, plaintiff alleges that defendant knew she was over sixty-five years of age at the time she contracted for his services. Am. Compl. ¶ 78. She claims that defendant obtained payments through "deceptive" practices. *Id.* at ¶ 79. Other paragraphs of her complaint, incorporated by reference into her claim for elder abuse, *id.* at ¶ 77, sufficiently plead actual fraud. *Id.* at ¶¶ 42–47. I cannot conclude as a matter of law that this cause of action cannot exist against defendant.

---

**1.** On September 4, 2007, plaintiff filed a motion for leave to file a reply to defendant's opposition. As I find no need for further briefing, that motion is **DENIED.**

**2.** Reconsideration of an interlocutory order may be granted where there is a "manifest failure by the Court to consider ... dispositive legal arguments which were presented to the Court before such interlocutory order." Civil Local Rule 7–9(b)(3).

For the reasons discussed, plaintiff's motion to reconsider is **GRANTED,** and her cause of action for elder financial abuse is **RESTORED** to her complaint. My Order dated August 22, 2007 otherwise remains operative.[3]

**3.** In his opposition to plaintiff's motion to reconsider, defendant requested that I reconsider the entirety of my Order, arguing that I improperly relied on facts and evidence outside the pleadings. The only issue which required reliance on facts outside the pleadings, however, was the argument that plaintiff's claims are time barred. I properly applied the summary standard to resolve that issue. Therefore, defendant's request for reconsideration is **DENIED.**