[No. A066761. First Dist., Div. Three. Feb. 16, 1996.]

BERKELEY CENTER FOR INDEPENDENT LIVING et al., Plaintiffs and Respondents, v.
TIMOTHY L. COYLE, as Director, etc., Defendant and Appellant.

COUNSEL

Juan M. Acosta, Richard L. Friedman and Kymberly Pipkin for Defendant and Appellant.

A. Theodore Giattina and Sandra Casey-Herold as Amici Curiae on behalf of Defendant and Appellant.

Elaine B. Feingold and Arlene B. Mayerson for Plaintiffs and Respondents.

OPINION

CORRIGAN, J.—This lawsuit concerns the scope of Government Code section 4450[1] and the regulatory definition of the term "publicly funded" in the California Building Code. The Berkeley Center for Independent Living and others successfully sued seeking declaratory and injunctive relief invalidating the definition of "publicly funded" as adopted by the Department of Housing and Community Development (DHCD). Timothy Coyle, Director of DHCD, appeals from a grant of summary judgment, dismissal and injunction. The issue here is whether the trial court erred in declaring invalid a portion of the definition of "publicly funded" found at California Code of Regulations, title 24, section 217.25.[2] We find no error and affirm.

---

[1]Unless otherwise indicated, all further statutory references are to the Government Code.

[2]Throughout this litigation, this regulatory provision was found at California Code of Regulations, title 24, section 2-417, subdivision (x). Title 24, part 2 of the California Code of Regulations is also known as the California Building Code, and will be referred to as the Building Code in this opinion. In the 1995 edition of the Building Code, all provisions and sections have been renumbered. The same provision with identical language now appears at section 217.25 and will be cited as such hereafter in this opinion.

The trial court did not expressly invalidate Building Code section 217.25 in its entirety. In pertinent part, the trial court's judgment was as follows: "IT IS ORDERED, ADJUDGED, DECLARED AND DECREED that the following definition of 'publicly funded', contained in [Building Code section 217.25], and adopted by the Department of Housing and Community Development of the State of California, is invalid: 'publicly funded as used in this code does not include loans, grants, guarantees, or other financial assistance provided by a public agency.' Further, the foregoing definition of 'publicly funded' is in violation of Government Code Section 4450 and Health and Safety Code Section 19955, and in violation of plaintiffs' rights against disability discrimination guaranteed by Section 54, et seq., of the California Civil Code and Sections 4450, et seq., 11135, 11362.2, [and] 19230(a) of the California Government Code."

## FACTUAL AND PROCEDURAL BACKGROUND

Chapter Seven of the Government Code regulates access to public buildings by physically handicapped persons. Section 4450 of that chapter provides: "It is the purpose of this chapter to ensure that *all* buildings, structures, sidewalks, curbs, and related facilities, constructed in this state by the use of state, county, or municipal funds, or the funds of any political subdivision of the state shall be accessible to and usable by persons with disabilities. The State Architect shall develop and submit proposed building standards to the California Building Standards Commission for approval and adoption pursuant to [Health and Safety Code section 18935 et seq.] and shall develop other regulations for making buildings, structures, sidewalks, curbs, and related facilities accessible to and usable by persons with disabilities," consistent with the standards and requirements of the Building Code. (§ 4450, italics added.)

Section 4451, adopted in the same 1968 legislation with section 4450, addresses the chapter's applicability: "Except as otherwise provided in this section, this chapter shall be limited in its application to all buildings and facilities stated in Section 4450 *intended for use by the public*, . . . that are constructed in whole or in part by the use of state, county, or municipal funds, or the funds of any political subdivision of the state." (§ 4451, subd. (a), italics added.)

Appellant DHCD is the state agency with primary authority over housing policy, residential building standards and regulations. (§§ 11138, 12955.1, subd. (d); Health & Saf. Code, §§ 17920, 17921, subd. (a), 18930, 50152.) With the approval of the State Building Standards Commission, DHCD adopted the following definition: "PUBLICLY FUNDED as used in this code *does not include* loans, grants, guarantees or other financial assistance provided by a public agency to finance construction, rehabilitation or purchase of *privately owned* housing accommodations, including housing financed under the Cal Vet program and other *privately owned* buildings, facilities and structures." (Bldg. Code, § 217.25, italics added.)

The trial court ruled this definition of "publicly funded" as excluding "loans, grants, guarantees, or other financial assistance provided by a public agency" was in violation of section 4450 and of the rights of disabled persons against discrimination secured by a variety of other statutes. In view of our conclusion that the trial court correctly determined the subject regulation is contrary to section 4450, we need not address the alternative grounds of the trial court's ruling.

## DISCUSSION

■ The focus of much of the argument below, and here, was whether a governmental loan constitutes the "use of public funds." That focus misses the essential question. The validity of the regulation does not turn on some arcane distinction between the "use of public funds" in the context of public ownership of a building on the one hand and a loan of public money to a private owner on the other. Indeed, the regulatory definition fails because of its reliance on the concept of ownership as the decisive factor. What is really at issue is not the question of public or private *ownership* of property. Instead the issue turns on the question of public or private *use* of property.

There being no triable issues of material fact in this case, the only issue here is whether respondents, as the moving party, were entitled to summary judgment as a matter of law. Thus we review the question de novo. (Code Civ. Proc., § 437c, subd. (c); *Jambazian v. Borden* (1994) 25 Cal.App.4th 836, 843-844 [30 Cal.Rptr.2d 768]; *Wilson v. Blue Cross of So. California* (1990) 222 Cal.App.3d 660, 670 [271 Cal.Rptr. 876].)

■ An individual statute must be construed in the context of the comprehensive statutory scheme of which it is a part. Statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible. Where uncertainty exists, appellate courts must construe provisions in a reasonable, common sense fashion taking into consideration the practical consequences that will flow from a particular interpretation. (*Long Beach Police Officers Assn. v. City of Long Beach* (1988) 46 Cal.3d 736, 746 [250 Cal.Rptr. 869, 759 P.2d 504]; *San Francisco Internat. Yachting etc. Group v. City and County of San Francisco* (1992) 9 Cal.App.4th 672, 680 [12 Cal.Rptr.2d 25]; *DeYoung v. City of San Diego* (1983) 147 Cal.App.3d 11, 18 [194 Cal.Rptr. 722].) Where possible, courts should avoid literal statutory interpretations that would lead to foreseeably absurd results in practice. (*Oldham v. Kizer* (1991) 235 Cal.App.3d 1046, 1059 [1 Cal.Rptr.2d 195].)

■ The subject regulation defining "publicly funded" applies specifically to "privately *owned* housing accommodations" as opposed to public housing. (Bldg. Code, § 217.25, italics added; cf. §§ 12955, 12955.1, subds. (c), (d).) The practical, public policy impact of this case, as well as the crux of the legal argument between the parties, is the effect of the challenged regulation on private homes and residential developments. While section 4450 speaks in terms of *all* buildings, it cannot be read in splendid isolation. The key here appears to be section 4451, which follows section 4450 and

was enacted with it. By expressly limiting the scope of section 4450, and the entire chapter of which it is a part, to buildings and facilities that are "intended for use by the public," section 4451 makes clear that the existence of state or local funding is not the only criterion for imposing accessibility requirements on construction. (§ 4451.)

The problem with the Building Code regulation at issue is that it does not address the language of section 4451 and imports a notion not contained in that statute. Section 4451 limits the scope and application of section 4450 to buildings and facilities intended for *public use*, while the subject regulation effectively limits section 4450's application to *publicly owned* buildings. Although the concepts of use and ownership are related, they are certainly not identical.[3]

Thus, under the regulation, "privately owned buildings, facilities and structures" receiving public funding are excluded from the requirements of section 4450 whether or not they are intended for public use. While it may be true in general that privately owned residential structures are not the kinds of buildings that are open to and available for the use of the "general public," there may be exceptions to this general circumstance. This fact is explicitly recognized in the Building Code definition of "public use" that immediately follows the regulatory provision at issue here. Thus, Building Code section 217.26 states: "PUBLIC USE describes interior or exterior rooms or spaces that are made available to the general public. Public use may be provided at a building or facility that is privately *or* publicly owned." (Italics added.)

We reject appellant's contention that the trial court's decision would have a disruptive practical effect on privately owned residences in California. Elimination of the challenged regulation would not require the installation of handicapped accessible features whenever government-financed loans are used to build, rehabilitate, or remodel privately owned and occupied homes. The challenged regulation is not necessary to protect private homeowners receiving public financing from the necessity of complying with such burdensome accessibility standards. Section 4451 makes clear that the provisions of Chapter Seven apply only to buildings and facilities "intended for use by the public." Thus, residential buildings not intended for public use are by definition automatically excluded from the coverage of section 4450.

---

[3] The word "public" is not defined in either section 4450 or 4451, or elsewhere in the chapter. Generally, "public" is defined as pertaining to an entire community and open to all without limitation or restriction. (*Duskin* v. *State Board of Dry Cleaners* (1962) 58 Cal.2d 155, 163 [23 Cal.Rptr. 404, 373 P.2d 468]; see Black's Law Dict. (6th ed. 1990) p. 1227, col. 1.) A "public building" has been defined as one of which the possession and use are in the public. (Black's Law Dict., *supra*, p. 1228, cols. 1-2.)

Section 4450 applies to buildings both constructed with the use of public funds *and* intended for the use by the general public. In light of this conclusion, we need not resolve whether a loan of public moneys constitutes a "use of public funds."

The judgment is affirmed.

Chin, P. J., and Parrilli, J., concurred.