Filed 3/18/15  Keegan v. All California Mortgage CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| MEAGHAN KEEGAN,<br><br>　　　　Cross-complainant and Appellant,<br><br>v.<br><br>ALL CALIFORNIA MORTGAGE, INC., et al.,<br><br>　　　　Cross-defendants and Respondents. | A141938<br><br>(Contra Costa County<br>Super. Ct. No. MSC 10-03266) |

The trial court dismissed Meaghan Keegan's cross-complaint against All California Mortgage, Inc. (ACM) after she failed to appear at her own deposition and an issue conference. She subsequently moved to set aside the dismissal, but her motion was denied. Keegan, in pro. per., appeals, claiming she was unavailable on both occasions because she suffered a stroke. She now argues the trial court erred in dismissing her action and denying her motion to set aside. We lack jurisdiction to consider Keegan's appeal of the dismissal order because she failed to identify that order in her notice of appeal. We do have jurisdiction, however, to consider her challenge to the order on the motion to set aside the dismissal. We find Keegan's appeal of this order has merit and reverse.

## I. BACKGROUND

Keegan was one of several investors in a fractionalized note secured by a deed of trust. After the borrower defaulted, the majority owners of the note wanted to sell certain parcels of the underlying property, but Keegan and several other minority investors

objected.  ACM then filed an action for partition against Keegan and the other objectors.
Keegan responded by filing a cross-complaint against ACM and various others in Contra
Costa County Superior Court for, among other things, breach of contract, breach of
fiduciary duty, fraudulent inducement and concealment, and intentional infliction of
emotional distress.  Upon a motion by ACM, the trial court severed Keegan's cross-
complaint from the main action.  Keegan later filed a related action against ACM in
Alameda County.

On January 2, 2014, Keegan filed a notice of unavailability with the trial court, but
did not serve the notice on ACM.  The notice indicated Keegan suffered a "severe and
debilitating" stroke and would be unavailable between December 31, 2013 and
January 22, 2014.  The notice also indicated Keegan would be hospitalized during this
period.  It is unclear from the notice when Keegan suffered the stroke, but she asserts in
her appellate briefing that the stroke happened on December 25, 2013, and she was
unable to participate in the action through February 7, 2014.

Following her stroke, Keegan's prosecution of her cross-complaint and related
matters was inconsistent.  Keegan failed to appear for her own deposition on January 10,
2014, and failed to provide ACM with any prior notice other than a phone call from a
third party indicating Keegan intended to move for a protective order.  Keegan hired an
attorney to appear on her behalf at a January 22, 2014 case management conference in
her related action in Alameda County.  However, in this matter, Keegan failed to appear
at the January 29, 2014 issue and settlement conference for the cross-complaint.

At the January 29 conference, ACM's counsel asked the court for monetary and
evidentiary sanctions due to Keegan's failure to appear.  After considering the facts, the
trial court sua sponte dismissed Keegan's cross-complaint for failure to diligently
prosecute.  A formal order dismissing the cross-complaint was entered on February 6,
2014.  Several weeks later, Keegan moved to set aside the trial court's order dismissing
her cross-complaint.  The court held a hearing on April 22, 2014, and issued a minute
order denying the motion on the same day.  The court entered a signed order on the
matter on May 15, 2014.

## II. DISCUSSION

### A. *Notice of Appeal*

As an initial matter, ACM contends we lack jurisdiction to hear Keegan's appeal because her notice of appeal fails to identify an appealable order. We disagree that we lack jurisdiction entirely. Though Keegan's notice of appeal does not reference the February 6 order dismissing her cross-complaint, it can be construed to encompass the May 15 order denying the motion to set aside the dismissal.

A notice of appeal must be liberally construed, and the notice is sufficient if it identifies the particular judgment or order being appealed. (Cal. Rules of Court, rule 8.100(a)(2).) We must resolve all ambiguities in favor of the validity of the notice. (See *Estate of Smead* (1932) 215 Cal. 439, 441.) Thus, a notice specifying one appealable order is construed to include related orders. (*Creed v. Schultz* (1983) 148 Cal.App.3d 733, 736.) Nonetheless, "The policy of liberally construing a notice of appeal in favor of its sufficiency [citation] does not apply if the notice is so specific it cannot be read as reaching a judgment or order not mentioned at all." (*Filbin v. Fitzgerald* (2012) 211 Cal.App.4th 154, 173.) Where several judgments or orders are separately appealable, each appealable judgment must be specified. (*Ibid.*)

Keegan's notice of appeal indicates she is appealing an order of judgment under Code of Civil Procedure[1] section 904.1, subdivision (a)(3)–(13), entered on April 22, 2014. As ACM points out, there are at least two problems with the notice. First, neither the order dismissing Keegan's cross-complaint nor the order denying her motion to set aside fall into the categories outlined in section 904.1. Second, the trial court did not enter any appealable orders on April 22. The only relevant events that occurred on that date were a hearing on the motion to set aside and a minute order issued in connection with that hearing. Pursuant to section 581d, all dismissals must be in the form of a written order signed by the court, making minute entries ineffectual and nonappealable. (*Palazzi v. Air Cargo Terminals, Inc.* (1966) 244 Cal.App.2d 190, 192.)

---

[1] All statutory references are to the Code of Civil Procedure.

Even a liberal construction of the notice of appeal cannot support a finding that it encompasses the trial court's February 6 order dismissing Keegan's cross-complaint. The notice does not refer to that order or the minute order preceding it. Nor does the notice provide a description of an order that remotely resembles the February 6 order. As discussed above, the notice indicates Keegan is appealing an order of judgment under section 904.1, subdivision (a)(3)–(13), which has no bearing here. Moreover, the notice's specific reference to a single order dated April 22 precludes the inference Keegan also intended to appeal the February 6 order.

However, we do have jurisdiction to hear Keegan's appeal of the order denying the motion to set aside the dismissal. The court addressed an analogous situation in *Holden v. California Emp. etc. Com.* (1950) 101 Cal.App.2d 427. At the time that case was decided, minute orders were appealable, while formal judgments generally were not. (*Id.* at p. 430.) The court held the appeal was not barred because the notice of appeal referred to the judgment and not the minute order, reasoning the "intent of appellant to seek a review of the action of the trial court in dismissing his petition is crystal clear," and "[n]o one connected with th[e] appeal was or could have been misled by the misdescription of the order." (*Ibid.*) Likewise, in the instant action, Keegan's notice mistakenly refers to an order dated April 22, the day the trial court issued the minute order on the motion to set aside. Though Keegan should have listed the date of the formal order on the motion, ACM cannot credibly contend it was confused about her intent.

**B.** *Motion to Set Aside the Dismissal*

Keegan moved to set aside the dismissal under section 473, subdivision (b), which provides the trial court may relieve a party from a judgment or dismissal taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. Section 473 "is often applied liberally where the party in default moves promptly to seek relief, and the party opposing the motion will not suffer prejudice if relief is granted." (*Elston v. City of Turlock* (1985) 38 Cal.3d 227, 233.) "In such situations 'very slight evidence will be required to justify a court in setting aside the default.' " (*Ibid.*) In light

of the policy favoring trial on the merits, doubts are resolved in favor of the party moving to set aside.  (*Id.* at p. 235.)

We review the trial court's order denying the motion to set aside for abuse of discretion.  (*In re Marriage of Connolly* (1979) 23 Cal.3d 590, 597–598.)  On abuse of discretion review, the appropriate test "is whether or not the trial court exceeded the bounds of reason, all of the circumstances before it being considered."  (*Id.* at p. 598.)  "[W]e extend all legitimate and reasonable inferences to uphold the judgment. . . . [and] when two or more inferences can reasonably be deduced from the facts, a reviewing court lacks power to substitute its deductions for those of the trial court."  (*Id.* at pp. 597–598.)  Additionally, "Action that transgresses the confines of the applicable principles of law is outside the scope of discretion and we call such action an 'abuse' of discretion."  (*City of Sacramento v. Drew* (1989) 207 Cal.App.3d 1287, 1297.)  We review questions of law de novo.  (*Berkeley Center for Independent Living v. Coyle* (1996) 42 Cal.App.4th 874, 878.)

In her motion to set aside, Keegan argued her stroke qualified as a surprise, and ACM's counsel should be sanctioned for trying to take advantage of her medical situation.  Apparently, not realizing the trial court had dismissed her cross-complaint on its own motion, Keegan also argued ACM lacked standing to seek dismissal because it was in default.  The trial court rejected these arguments, reasoning ACM did not move to dismiss Keegan's cross-complaint, Keegan did not serve her notice of unavailability on opposing counsel, and in any event, Keegan's notice indicated she would only be unavailable through January 22, a week prior to the issue conference.  The court also found there was no record of Keegan having notified the court or opposing counsel of her continuing unavailability, and Keegan had failed to explain her failure to do so.  Accordingly, the court declined to disturb its dismissal of Keegan's cross-complaint for failure to appear at the issue conference and failure to diligently prosecute her claims.

On appeal, Keegan argues the trial court abused its discretion because the dismissal order was void due to lack of notice.  The argument has merit.  Due process requires a court to provide a plaintiff with notice and an opportunity to be heard prior to

dismissing his or her case for failure to prosecute. (*Reid v. Balter* (1993) 14 Cal.App.4th 1186, 1193.) Where a court fails to observe these procedural requirements, its order of dismissal is void. (*Ibid.*) Here, the record shows the court dismissed Keegan's action without providing any kind of prior notice. When Keegan failed to appear at the January 29 issue conference, the court immediately dismissed her cross-complaint on its own motion and entered judgment several days later. As the dismissal order violated Keegan's due process rights, it should have been set aside as void. Accordingly, the trial court's denial of Keegan's motion to set aside was an abuse of discretion.[2]

ACM does not dispute that Keegan was entitled to prior notice and a hearing, but it contends Keegan waived her notice argument by failing to assert it below. ACM is correct that failure to raise a legal theory with the trial court ordinarily precludes consideration on appeal. (*Brown v. Boren* (1999) 74 Cal.App.4th 1303, 1316.) However, "we have discretion to consider a new theory on appeal when it is purely a matter of applying the law to undisputed facts." (*Ibid.*) As there is no dispute that the trial court dismissed Keegan's cross-complaint on its own motion without prior notice, Keegan's new argument raises a pure question of law. In light of the policy favoring resolution of cases on the merits, as well the manner in which the summary dismissal impinged upon Keegan's due process rights, we elect to exercise our discretion here and reverse the trial court's denial of Keegan's motion to set aside.

## III. DISPOSITION

The order denying Keegan's motion to set aside the dismissal order is reversed. We remand to the trial court for further proceedings consistent with this opinion.

---

[2] Moreover, Keegan's failure to attend the issue conference and to provide notice to opposing counsel of her unavailability, without more, does not justify dismissal of her action, especially where lesser sanctions were available. (Cf. *Link v. Cater* (1998) 60 Cal.App.4th 1315, 1325 [court abused its discretion in dismissing case after plaintiff failed to appear on the date set for trial].) In light of Keegan's stroke and the fact she was representing herself, the better course may have been to continue the action. Though Keegan does not raise the issue, this appears to be a straightforward case of excusable neglect.

_____
Margulies, J.

We concur:

_____
Humes, P.J.

_____
Dondero, J.